UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert E. WADE, Defendant-Appellant.

No. 78–5310

Summary Calendar.*

United States Court of Appeals.

Dec. 4, 1978.

Rehearing Denied Jan. 4, 1979.

Robert E. Wade, Dallas, Tex., for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Arnaldo N. Cavazos, Jr., Asst. U. S. Atty., Dallas, Tex., R. H. Wallace, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

574

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

The appellant, Robert E. Wade, was convicted on two counts of willfully failing to file income tax returns for the years 1972 and 1973 in violation of 26 U.S.C.A. § 7203. Wade was sentenced to a sixty-day term of imprisonment on the first count and to three years of probation on the second, such sentences to run consecutively. Wade filed no timely return for the 1972 tax year. In 1973, the appellant filed a return simply asserting a Fifth Amendment privilege, but containing no financial information from which a tax liability could be computed; only Wade's name, address and other basic identifying information were disclosed. This 1973 tax return was returned to Wade in 1974 by the Internal Revenue Service with a letter stating that the tax return filed by him did not comply with the law and would subject him to criminal penalties unless corrected. In 1976, the appellant filed an amended tax return for the year 1972 which also asserted the Fifth Amendment privilege and contained no financial information. We find no merit in Wade's assignments of error and, therefore, affirm.

■ Wade first contends that there is insufficient evidence to support his conviction because the government did not prove that he had income in excess of expenses incurred. Testimony at trial revealed that Wade received checks in the amount of $184,330.06 in 1972 and $128,371.01 in 1973 for work performed as a subcontractor. It was also shown that these checks were endorsed by Wade and honored by the payor bank. The government's evidence clearly showed Wade's gross income for those years to have exceeded the threshold levels provided by 26 U.S.C.A. § 6103, thereby establishing his status as a person required to file a return. There is no requirement in a failure to file prosecution to prove that a tax liability existed as long as the proof establishes that a taxpayer had gross income requiring him to file a return. See Spies v. United States, 317 U.S. 492, 496, 63 S.Ct. 364, 87 L.Ed. 418 (1942). Wade's first argument is, thus, meritless.

■ The appellant next contends that his assertion of the Fifth Amendment privilege insulated him from a failure to file prosecution since the element of "willfulness" was not subject to proof. This Court's recent decision in United States v. Johnson, 577 F.2d 1304 (5th Cir. 1978), thoroughly discredits the argument that a good faith blanket claim of the Fifth Amendment privilege automatically and completely insulates a taxpayer from prosecution for failure to file a return.

Three principles may be distilled from the authorities: (1) the privilege must be claimed specifically in response to particular questions, not merely in a blanket refusal to furnish any information; (2) the claim is to be reviewed by a judicial officer who determines whether the information sought would tend to incriminate; (3) the witness or defendant himself is not the final arbiter of whether or not the information sought would tend to incriminate.

United States v. Johnson, 577 F.2d at 1311. The route chosen by Wade is plainly contrary to that set forth in Johnson. Indeed, as Johnson indicates, the amount of a taxpayer's income is not privileged even though the source of income may be, and Fifth Amendment rights can be exercised in compliance with the tax laws "by simply listing his alleged ill-gotten gains in the space provided for 'miscellaneous' income on his tax form." Id. Wade's argument adds nothing to the theory dispelled by Johnson and is without merit.

With regard to the element of intent in general, the government's burden of proof regarding Wade's willful failure to file was carried. The evidence reveals that Wade filed returns in 1968 and 1969 and that the Internal Revenue Service sent him a letter in 1974 advising him that his 1973 return did not comply with tax laws and would subject him to criminal penalties unless corrected. Such evidence would amply support a finding that Wade knew the law required him to file returns and that he intentionally failed to file without justifiable excuse. See United States v. Brown, 548 F.2d 1194, 1199 (5th Cir. 1977).

Wade further argues that, in any event, his conviction cannot stand because he did, in fact, file returns so that the proper charge would have been one of withholding information. The papers filed by Wade and characterized as "returns" contained no financial information and were not the returns contemplated in a failure to file prosecution. *United States v. Johnson*, 577 F.2d at 1311.

Wade's other contentions that the district court erred in failing to rule on his motion for protection from total annihilation and in ordering him to disclose his personal files and books to the Internal Revenue Service are also without merit. Both the motion and the order were subsequent to Wade's conviction and neither has been shown to be relevant to, much less determinative of, the validity of that conviction.

AFFIRMED.