CLARENCE W. STEINBRECHER, ET AL. [1] v. COMMISSIONER OF INTERNAL REVENUE, Respondent Steinbrecher v. Commissioner
Docket Nos. 14520-81, 14534-81, 2100-82, 2101-82.
United States Tax Court
T.C. Memo 1983-12; 1983 Tax Ct. Memo LEXIS 775; 45 T.C.M. (CCH) 493; T.C.M. (RIA) 83012; January 10, 1983, As Amended January 19, 1983 Clarence W. Steinbrecher, pro se. David W. Johnson, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: In these consolidated cases respondent determined *776 the following deficiencies in petitioners' Federal income taxes and additions to tax: Petitioner
Dkt. No.
Year
Deficiency
Clarence W.
Steinbrecher
14520-81
1975
$1,924.03
1976
2,382.58
1977
2,652.72
1978
4,307.08
Jeanette D.
Steinbrecher
14534-81
1977
5,614.70
1978
2,981.38
Jeanette D.
Steinbrecher
2100-82
1979
1,559.00
Clarence W.
Steinbrecher
2101-82
1979
2,718.00
Additions to Tax
Petitioner
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [2]
Clarence W.
Steinbrecher
$481.01
$96.20
$83.30
593.76
119.13
88.47
652.91
132.64
92.58
1,076.77
215.35
137.50
Jeanette D.
Steinbrecher
280.74
745.35
149.07
95.17
Jeanette D.
Steinbrecher
389.75
77.95
65.18
Clarence W.
Steinbrecher
679.50
135.90
113.64
In amendments to his answers filed on November 10, 1982, in Docket No. 14520-81 and 14534-81 respondent alleged and claimed increased deficiencies and additions to tax, her, as follows: Increased
Increased
Additions to Tax
Petitioner
Dkt. No.
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654
Clarence W.
Steinbrecher
14520-81
1978
$2,550.36
$637.59
$127.52
$81.42
Jeanette D.
Steinbrecher
14534-81
1978
2,574.75
643.68
128.74
82.23
*777 The pertinent facts are contained in respondent's requests for admissions, to which petitioners' answers were inadequate and incomplete; respondent's motions, stipulations of facts and exhibits filed pursuant to Rule 91(f); [3] and the Court's Order to Show Cause dated October 14, 1982, which was made absolute by Order dated November 10, 1982. Such facts are summarized below. Petitioners are husband and wife who resided in San Antonio, Texas, at the time their respective petitions were filed in these cases.They were married on August 21, 1976. For the taxable years 1975 through 1979, Clarence W. Steinbrecher submitted for filing with the Director, Internal Revenue Service Center, Austin, Texas, Forms 1040 on which he reported no income, no income tax liability and with respect to which he paid to tax. These "returns" stated objections based on the Fourth and Fifth Amendments to the United States Constitution. For the taxable years 1976 and 1977, Jeanette D. Steinbrecher filed individual Federal income tax returns with the Director, Internal Revenue Service Center, Austin Texas, with the Forms *778 W-2 received by her reflecting her wages for those years.She did not file Forms 1040 for the taxable years 1978 and 1979. During the taxable years 1975 to 1979, inclusive, Clarence was employed by the following named employers and received the following amounts of commission income: 1975
1976
1977
1978
1979
Pan-American
Insurance Co.
$ 145.23
$ 56.62
$ 24.24
California
Western
221.71
487.49
557.87
Franklin Life
4,074.67
10,527.89
13,083.29
6,385.10
1,200.15
Great Southern
496.33
412.19
242.14
268.92
Lone Star Life
1,703.16
Tower Life
17.12
6.35
National Teacher
Assoc.
2,170.60
Midland National
Life Ins. Co.
12,452.38
19,205.00
American Security
Life Ins. Co.
106.44
Firemans Fund
American Life
546.38
State Mutual Life
Assurance
69.72
6.96
6.96
American Health
and Life
22.55
Real Estate
Commission
2,500.00
TOTAL
$8,607.11
$11,247.31
$16,382.64
$19,671.23
$21,089.17
All of the above commission income is documented by Forms 1099, letters, checks or commission statements. For taxable years 1976 and 1977, Jeanette D. Steinbrecher *779 reported on her Federal income tax returns her individual wage income of $10,716.50 (of which $725.37 was earned from H. E. Butt Grocery Company after her marriage to Clarence) and $2,564.42, respectively. Of these amounts, $725.37 in 1976 and $2,564.42 in 1977 are community property income.
Clarence W. Steinbrecher earned $4,058.28 of the total $10,527.39 in 1976 commission income from Franklin Life after his marriage to Jeanette. He earned $168.75 of the total $221.71 in 1976 commission income from California Western after his marriage to Jeanette. He earned $114.23 of the total $409.99 in 1976 commission income from Great Southern after his marriage to Jeanette. He earned the following amounts of separate property and community property commissions during 1976 through 1979: Separate
Community
Taxable Year
Property Commission
Property Commission
1975
$8,607.11
1976
6,916.05
$4,341.26
1977
16,382.64
1978
19,671.63
1979
21,089.17
During 1978 the petitioners made a cash contribution in the amount of $25,000 to the Hunter's Ridge Joint Venture. The source of this contribution is unexplained. On February 23, 1977, and March 11, 1978, Jeanette *780 sold stock, held as separate property, for $855.82 and $298.20, respectively, which were short-term capital gains. During 1977 Jeanette sold two houses held as separate property--one in Corpus Christi, Texas, for $17,900 and one in San Antonio for $17,500, and received net separate property income from the sales after section 1202 deductions of $4,700 and $6,279.33, respectively. In the Court's Order dated November 10, 1982, petitioners were ordered to serve on respondent on or before November 24, 1982, adequate and complete answers to respondent's interrogatories and to produce various documents requested by respondent. The Court stated that failure to comply with its order would result in the imposition of sanctions under Rule 104. Petitioners failed to comply with the order of November 24, 1982, and, therefore, the Court orally granted respondent's motion filed on December 6, 1982, to impose sanctions. Accordingly, we conclude that petitioners' persistent, unwarranted and unjustified conduct constitutes a default and that the dismissal of these cases for failure to comply with our rules and a specific order of this Court is appropriate under Rule 104(c)(3). See Watson v. Commissioner,690 F.2d 429 (5th Cir. 1982); *781 Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); Rechtzigel v. Commissioner,79 T.C. 132 (1982), on appeal (8th Cir., Aug. 30, 1982); McCoy v. Commissioner,76 T.C. 1027 (1981), on appeal (9th Cir., Sept. 15, 1981). Petitioners have advanced several arguments that are completely without merit. We answer them summarily as follows: 1. In connection with petitioners' asserted Fifth Amendment privilege, this Court has no authority to provide them with a grant of immunity in these proceedings. Hartman v. Commissioner,65 T.C. 542, 547-548 (1975). 2. Respondent issued valid notices of deficiencies, timely petitions were filed, and this Court has jurisdiction of these cases.Sections 6212, 6213 and 6214. 3. Petitioners' due process rights have not been abrogated or abridged. Ginter v. Southern,611 F.2d 1226 (8th Cir. 1979); Cupp v. Commissioner,65 T.C. 68 (1975), affd. by unpublished opinion 559 F.2d 1207 (3d Cir. 1977). Their general assertions that their Fourth and Fifth Amendment rights have been violated lack merit. See Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982). *782 4. The privilege against self-incrimination under the Fifth Amendment does not apply where the possibility of criminal prosecution is remote or unlikely, and remote or speculative possibilities of prosecution for unspecified crimes are not sufficient. Rechtzigel v. Commissioner,supra;Reiff v. Commissioner,77 T.C. 1169 (1981); McCoy v. Commissioner,supra at 1029; Burns v. Commissioner,76 T.C. 706 (1981); Wilkinson v. Commissioner,71 T.C. 633, 637-638 (1979); Ryan v. Commissioner,67 T.C. 212, 217 (1976), affd. 568 F.2d 531, 539 (7th Cir. 1977); Roberts v. Commissioner,62 T.C. 834, 837-838 (1974); Figueiredo v. Commissioner,54 T.C. 1508, 1511-1512 (1970), affd. in an unpublished order (9th Cir., March 14, 1973). Here the Court is satisfied that any possible danger of self-incrimination is so remote and so speculative that it cannot support a Fifth Amendment claim. The Court is further satisfied that petitioners' Fifth Amendment claim is frivolous. [4]
*783 5. The Forms 1040 submitted by petitioner Clarence W. Steinbrecher for the years 1975 through 1979 did not constitute valid Federal income tax returns. See United States v. Smith,618 F.2d 280 (5th Cir. 1980); Jarvis v. Commissioner,78 T.C. 646, 653-655 (1982), and cases cited therein. Accordingly, on this record we sustain respondent's determinations in his notices of deficiencies and amended answers in all respects. Appropriate orders and decisions will be entered.
Footnotes
1. Consolidated herewith are the cases of Jeanette D. Steinbrecher, docket No. 14534-81; Jeanette D. Steinbrecher, docket No. 2100-82; and Clarence W. Steinbrecher, docket No. 2101-82.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, unless otherwise indicated.↩
3. All rule references are to the Tax Court Rules of Practice and Procedure.↩
4. See United States v. Sullivan,274 U.S. 259 (1927); United States v. Wade,585 F.2d 573 (5th Cir. 1978); and United States v. Johnson,577 F.2d 1304↩ (5th Cir. 1978).