**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Woodrow W. SHIVERS, Jr.,**
**Defendant-Appellant.**

**No. 85–4605**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 11, 1986.

·Samuel Coon, Missoula, Mont., for defendant-appellant.

George Phillips, U.S. Atty., Nicholas B. Phillips, Asst. U.S. Atty., Jackson, Miss., for plaintiff-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

Woodrow W. Shivers, Jr., appeals from a judgment of conviction for willful failure to file a federal income tax return. We affirm.

### I.

A grand jury indicted Shivers for failure to file a tax return for 1981, in violation of 26 U.S.C. § 7203. According to evidence introduced at trial, Shivers filed valid returns from 1977 through 1979. On July 14, 1980, Shivers provided his employer with a W–4 form stating that he was entitled to three allowances. Four days later, on July 18, 1980, Shivers completed another W–4 on which he stated that he was "exempt" from withholding because he did not owe any federal income tax in 1979 and did not expect to owe any in 1980. In June 1981, he filed an apparently valid return for 1980.

Thereafter, Shivers filed a 1040 form for 1981 in early 1982. The form set forth his name and that of his daughter, and stated that he was entitled to two exemptions. In response to all other questions on the form, including those concerning his social security number, occupation, amount of wages and interest income, and tax withheld, Shivers wrote "Object Self Incrimination" or "None." Included with the 1040 sent to the Internal Revenue Service ("IRS") was a printed form letter from Shivers stating that Shivers would "refile my return ... if you will please show me how I can do it without waiving my constitutional rights."

A second printed form letter attached to the 1040 form stated that Shivers' first, fourth, fifth, and thirteenth amendment rights were implicated by the questions on the form. The IRS responded to Shivers' paper with letter 664, which stated that the "form we received ... is not acceptable ... because it does not contain information required by law." The letter added that "[f]ailure to file a required return may subject you to prosecution under ... section 7203."

The government showed that Shivers earned $49,243.40 in 1981 from Bechtel Construction, Inc., and introduced Shivers' returns from 1977 through 1980, as well as the W–4 forms filed in 1980. Shivers presented no evidence at trial, except through cross-examination of government witnesses.

Although he presented no direct evidence on the issue at trial, Shivers' defense was apparently that the self-incrimination clause of the fifth amendment protected his refusal to provide the IRS with the amount of his income as well as its sources. Accordingly, he objected to the following aspect of the district judge's charge:

> A taxpayer may not refuse to enter on his return the necessary information as to his income by claiming a privilege against self-incrimination. The Fifth Amendment to the Constitution of the United States does not protect or shield a taxpayer from revealing the required financial information on his tax return.[1]

Shivers challenges his conviction on three grounds: (1) the district court erred in failing to grant his motion for judgment of acquittal at the conclusion of the government's case, because of insufficient evidence of willfulness; (2) the court's instruction on the scope of the fifth amendment

privilege was incorrect; and (3) the court should have provided Shivers with an evidentiary hearing concerning his fifth amendment claim.

## II.

The willfulness element in a § 7203 prosecution "is simply the intentional violation of a known legal duty." *United States v. Buckley,* 586 F.2d 498, 503–04 (5th Cir.1978), *cert. denied,* 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979); *see United States v. Pomponio,* 429 U.S. 10, 12–13, 97 S.Ct. 22, 23–24, 50 L.Ed.2d 12 (1976). In *United States v. Wade,* 585 F.2d 573, 574 (5th Cir.1978), *cert. denied,* 440 U.S. 928, 99 S.Ct. 1264, 59 L.Ed.2d 484 (1979), the court stated that filing returns in 1968 and 1969, and an IRS letter to the defendant that the defendant's 1973 return did not comply with tax laws and might subject him to criminal penalties "would amply support a finding that Wade knew the law required him to file returns and that he intentionally failed to file without justifiable excuse." *Id.* The evidence in the case *sub judice* is identical. Furthermore, Shivers' filing of the apparently inaccurate W–4 form that stated he was exempt from withholding four days after filing a form with contrary information was additional circumstantial evidence of willfulness, *see United States v. Carpenter,* 776 F.2d 1291, 1295 (5th Cir.1985); *United States v. Grumka,* 728 F.2d 794, 796–97 (6th Cir.1984), as were the "protest" documents that Shivers included with his 1040, *id.* at 797. The government introduced sufficient evidence of willfulness that the motion for judgment of acquittal was properly denied. Under the standard of *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.

---

1. The court also instructed the jury, in accordance with *United States v. Reed,* 670 F.2d 622, 624 (5th Cir.), *cert. denied,* 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982), that the fifth amendment privilege may be a defense if the jury finds "that the claim, though erroneous, was made in good faith." In response to a jury question concerning the meaning of "good faith," the court, without objection, explained that "[i]f the defendant in good faith and as a result of an honestly held belief asserted the claim of Fifth Amendment privilege on his tax form and honestly believed that he was not required to supply the required financial information, although erroneous in doing so, then he did not willfully fail to provide such information and is not guilty of the crime charged." *Cf. United States v. Grumka,* 728 F.2d 794, 797 (6th Cir.1984).

1982) (en banc), *aff'd on other grounds,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983), a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. *See also Wade,* 585 F.2d at 574 (blanket assertion of fifth amendment privilege does not automatically negate willfulness element of crime).

### III.

A § 7203 conviction cannot be based on a valid exercise of the fifth amendment privilege. *Garner v. United States,* 424 U.S. 648, 663, 96 S.Ct. 1178, 1187, 47 L.Ed.2d 370 (1976). Shivers argues that a taxpayer may invoke the privilege as to *any* question on a return, provided that he demonstrates valid grounds for the assertion. Apart from the fact that Shivers offered no grounds whatever for his refusal to include the amount of his income from Bechtel, under the law in this circuit "the *amount* of a taxpayer's income is not privileged even though the *source* of income may be." *Wade,* 585 F.2d at 574 (emphasis in original). The jury instruction correctly stated that law.

### IV.

During exceptions to the jury charge, defense counsel contended that the court should have provided Shivers with a hearing on whether he had a valid fifth amendment claim. The court denied the request, stating that the defense had not moved for such a hearing, filed an affidavit, or introduced any testimony on the point at trial. The request was properly denied. The fifth amendment privilege is inapplicable to "a blanket refusal to furnish any information," *United States v. Johnson,* 577 F.2d 1304, 1311 (5th Cir. 1978), and a failure to report the amount of income, *Wade,* 585 F.2d at 574, as in this

case. *See also United States v. Goetz,* 746 F.2d 705, 710 (11th Cir.1984). Further, even if the fifth amendment privilege were applicable to a failure to provide information concerning the amount of income, Shivers proffered no evidence to support his assertion of the privilege.[2] Accordingly, Shivers was not entitled to a hearing on the issue.

The district judge did not prevent Shivers from introducing evidence of good faith assertion of the fifth amendment privilege before the jury, which conceivably could have negated the willfulness element. Shivers did not do so. Under the circumstances of this case, the fifth amendment privilege was relevant only to the issue of whether Shivers' actions were made in good faith. The jury, after careful consideration of the good faith issue, apparently found that they were not.

### V.

For the foregoing reasons, the judgment of conviction is

AFFIRMED.

---

**2.** The only tangible aspect of Shivers' fifth amendment defense was his counsel's effort to obtain production of a letter by a Department of Justice attorney recommending prosecution of Shivers, on grounds that the letter would show Shivers was under investigation by other federal agencies for firearms and racketeering charges.

The district judge examined the letter *in camera,* and found that it concerned no offense except the instant § 7203 charge. Therefore, he declined to provide the letter to defense counsel. Shivers does not challenge the ruling, and the letter was not included in the record on appeal.