**UNITED STATES of America**

v.

**Harold O. EDGINGTON, Jr., Margie L. Edgington.**

**Crim. No. B–85–90–CR.**

United States District Court,
E.D. Texas,
Beaumont Division.

June 26, 1989.

Thomas W. Kopf, Asst. U.S. Atty., Beaumont, Tex., for plaintiff.

Harold and Margie Edgington, Orange, Tex., pro se.

Ed W. Barton, Orange, Tex., for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

On November 21, 1985, the grand jury indicted Harold O. Edgington, Jr., and Margie L. Edgington on three counts each of failure to file an income tax return, in violation of 26 U.S.C. § 7203 for tax years 1981, 1982, and 1983. The next day, the marshals took the defendants into custody. After their initial appearances on November 22, 1985, the magistrate released the defendants on an unsecured bond. On De-

cember 2, 1985, the defendants appeared in court for their arraignments, at which time, they entered pleas of not guilty, consented to a trial before a United States magistrate, waived their rights to trial by jury, and voiced their election to represent themselves at trial. As a safeguard, however, the magistrate appointed attorney Joseph C. "Lum" Hawthorn as standby counsel.

On January 29, 1986, the Honorable Earl S. Hines, United States Magistrate, sitting as the trier of fact and law, presided over the trial of the defendants. On February 14, 1986, the court returned a verdict of guilty in open court on all counts. Additionally, the court filed a written verdict and issued a written opinion with specific findings pursuant to FED.R.CRIM.P. 23(c). At the sentencing on March 11, 1986, the magistrate sentenced each defendant to two consecutive one-year sentences of imprisonment, followed by a five-year period of probation.

On March 19, 1986, both defendants filed a notice of appeal. On September 17, 1987, attorney Ed W. Barton became the court appointed representative for the defendants on appeal to the district court.

Appellants essentially assert four points of error on appeal: The jurisdictional prerequisites for trial by magistrate were not met; the magistrate failed to apply the correct standard of "subjective reasonableness"; the defendants' failure to file a return was protected activity under the Fifth Amendment; and the defendants' wages are not income for the purposes of prosecution under 26 U.S.C. § 7203. By written response, the prosecution contested all of the appellants' points of error.

## I.

On appeal, appellants for the first time complain there has been no showing that the magistrate was "specially designated" to try persons accused of misdemeanors. In support of their argument, appellants argue for the application of *Piper v. Hauck*, 532 F.2d 1016 (5th Cir.1976) for the proposition that a "special designation" is required before a magistrate can try a criminal matter. Additionally, the appel-

lants direct the court's attention to a portion of the rule governing magistrates which provides:

(A) General

The method for assignment of duties to a magistrate and for the allocation of duties among the several magistrates of the court shall be made in accordance with orders of the Court or *by special designation of a judge.*

Brief for Appellants at 3 (filed Mar. 7, 1988) (quoting Local Rules for the Assignment of Duties to United States Magistrates, Eastern District of Texas, Rule 2(A) with emphasis added).

First, the court finds the appellants' reliance on *Piper* to be unfounded. In *Piper*, the appellant not only filed timely objections to the reference, "but also submitted a lengthy and detailed memorandum setting forth the reasons for his objections." *Piper*, 532 F.2d at 1018. In contrast, the Edgingtons, at their arraignments on December 2, 1985, waived their rights to trial by a United States District Court Judge, and executed the appropriate forms. Beforehand, the Magistrate had advised the Edgingtons that they had an unqualified right to have their case tried before a United States District Court Judge, and that he would not recommend that they waive any of their rights unless they were satisfied that they understood them and knew what they wished to do.

Although the appellants suggest that they did preserve their rights, their objections were, at best, a "broad challenge to the jurisdiction of the court." Brief for Appellants at 2 (filed Mar. 7, 1988). In fact, the Edgingtons used such nebulous references to jurisdiction as "contracts of adhesion," "in propria persona," "free" and "natural" persons, "citizens de jure of God," and "de jure jurisdiction." Nothing submitted in their numerous papers even remotely touched upon the issue upon which they now complain.

■ This case is similar to one presented in *Cruz v. Hauck*, 515 F.2d 322, 331 (5th Cir.1975), *cert. denied* 424 U.S. 917, 96 S.Ct. 1118, 47 L.Ed.2d 322 (1976), in which

the court ruled the prisoner plaintiffs had waived their right to challenge a reference by failing to object until after the magistrate had delivered his report. *Id.* The Edgingtons appear to prefer a "wait and see" approach before raising specific jurisdictional challenges. Although the Edgingtons may prefer to have "two bites at the apple," the Edgingtons have now waived their right to complain of the reference to the magistrate.

Even had their objection been preserved, the appellants seem to ignore the full text of Rule 2, which states that a reference may "be made in accordance with orders of the Court." Local Rules for the Assignment of Duties to United States Magistrates, Eastern District of Texas, Rule 2(A). In an order of July 3, 1980, the judges for the Eastern District of Texas adopted rules which stated that a magistrate may "[t]ry persons accused of, and sentence persons convicted of, misdemeanors committed within this district in accordance with 18 U.S.C. § 3401." Local Rules for the Assignment of Duties to United States Magistrates, Eastern District of Texas, Rule 1(B).

In addition, the remaining portions of *Piper* do not help the Edgingtons. *Piper* is based upon the use of magistrates as special masters and not as triers of fact in criminal cases. *Piper*, 532 F.2d at 1018.

The magistrate has jurisdiction by orders of the court. Accordingly, appellants' first point of error is overruled.

## II.

Appellants complain that the magistrate, who heard the case as the trier of fact, used an objective standard to decide whether the appellants had a bona fide misunderstanding of the law.

█ The magistrate's opinion, however, clearly states that he applied the correct standard—the subjective standard:

A review of current cases on the subject leave the impression, first, that it is *not* a requirement that an alleged misunderstanding be objectively reasonable. A bona fide misunderstanding may be *en-*

*tirely* subjective and wholly unreasonable.

*United States v. Edgington*, Crim. No. B–85–90–CR, at 8 (E.D.Tex. Feb. 14, 1986) (footnotes and citations omitted).

After presenting and analyzing the law, the magistrate made his finding of fact: "I find that the prosecution has negated any bona fide misunderstanding on the part of the defendants. *Id.* at 10. The magistrate then expounded upon evidence presented at trial to support his conclusion.

First, the government presented strong evidence of actual knowledge, i.e., several years of prior filings of tax returns by the defendants, receipt by them of W–2 forms, and advice to them from the Internal Revenue Service and Mr. Edgington's employer that his wages were subject to income tax withholding. Second, through cross-examination, the government established that Mrs. Edgington had actually attended several recent criminal trials of persons charged with the same offense, who advanced the same views as defendants, and who were convicted after the court instructed the juries that the law was contrary to such views. Even now, Mrs. Edgington continues to press the point by asserting that according to *her* research, the judge's instructions in those cases were wrong. Third, the defendants claim and have demonstrated facility in legal research by citing numerous alleged precedents dating as far back as the law of the English kings. The sheer volume of their legal memoranda show that they have been tireless in their efforts. There can be no doubt that such diligence in research made defendants thoroughly familiar with the *current* precedent which uniformly denies validity to their position. Finally, defendants were aware that the recognized and established way for contesting their liability for income tax was to file their return, pay the disputed tax and then sue for a refund in tax court.

*Id.* at 10–11 (footnotes omitted).

The opinion shows the magistrate correctly applied the law to the facts and the

evidence. Appellants' second point of error is overruled.

## III.

■ Appellants' third point of error asserts that their failure to file tax returns was protected activity under the Fifth Amendment. However, the United States Supreme Court and governing circuit courts have rejected this argument on numerous occasions. *United States v. Shivers*, 788 F.2d 1046, 1049 (5th Cir.1986). Accordingly, the appellants' third point of error is overruled.

## IV.

■ Appellants complain that their wages are not income for the purposes of filing a return under 26 U.S.C. § 7203. Once again, the courts have specifically rejected this argument. *United States v. Burton*, 737 F.2d 439, 441 (5th Cir.1984).

## CONCLUSION

For the foregoing reasons, the decision of the magistrate is AFFIRMED.