# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 9, 2007

Charles R. Fulbruge III
Clerk

No. 06-11080
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PHIL LOREN MYERS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-194-ALL

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Phil Loren Myers (Myers) appeals his convictions on two counts of willfully failing to file income tax returns. Myers does not dispute that he failed to file income tax returns for 2001 and 2002, when he realized substantial income from a currency trading venture, but he argues that the evidence was insufficient to prove that his failure to file was willful. Myers contends that he sincerely believed, based on his own research, that he was not required to file.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the issue was preserved, we review Myers's insufficiency argument to determine "whether, viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt." United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003). "'[I]t is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt.'" United States v. Williams, 264 F.3d 561, 576 (5th Cir. 2001) (citation omitted).

The evidence showed that Myers filed income tax returns and paid taxes until he lost a dispute with the Internal Revenue Service (IRS) over a tax shelter. Although Myers testified that he believed that the income tax system was voluntary and that he was not required to file, he knew from previous experience that income derived from currency trading was taxable, and he put assets in his wife's name and took other actions designed to protect his property from the IRS. Myers also threatened to take action against the IRS if it continued collection efforts. The above evidence was sufficient to support the jury's determination that Myers willfully failed to file tax returns. See United States v. Cheek, 498 U.S. 192, 201 (1991); United States v. Shivers, 788 F.2d 1046, 1048-49 (5th Cir. 1986).

The judgment of the district court is AFFIRMED.