# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 8, 2011

Lyle W. Cayce
Clerk

No. 09-60656
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

PAUL RICHARD ARCENEAUX,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-135-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Paul Richard Arceneaux was convicted by a jury of corruptly endeavoring to impede the administration of Internal Revenue Laws and willfully failing to file a federal income tax return for tax years 2003 and 2004, in violation of 26 U.S.C. §§ 7212(a) and 7203, and he was sentenced to a total of 46 months of imprisonment. He argues that the Government failed to prove that his failure to file tax returns was willful and that his actions were corrupt and, therefore, the evidence was insufficient to support his conviction on those counts. He also

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court committed reversible error in refusing to give three requested jury instructions.

Ordinarily, the standard of review applied by this court to a sufficiency of the evidence claim is whether a reasonable trier of fact could find from the evidence that the elements of the offense were established beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979); *United States v. Jaramillo*, 42 F.3d 920, 922-23 (5th Cir. 1995). However, where the defendant has not properly moved for acquittal or has failed to renew his motion for a judgment of acquittal at the close of evidence, we "review merely to determine whether the conviction amounts to a manifest miscarriage of justice." *United States v. Aguilar*, 503 F.3d 431, 435 (5th Cir. 2007); *see also United States v. Burton*, 324 F.3d 768, 770 (5th Cir. 2003). "Such a miscarriage would exist only if the record is devoid of evidence pointing to guilt, or . . . because the evidence on a key element of the offense was so tenuous that a conviction would be shocking." *United States v. Pierre*, 958 F.2d 1304, 1310 (5th Cir. 1992) (en banc) (quotation marks and citations omitted).

To establish a violation of § 7203, the Government was required to prove that (1) Arceneaux was required to file a return; (2) Arceneaux failed to file a return; and (3) Arceneaux's failure to file a return was willful. *See United States v. Clayton*, 506 F.3d 405, 408 (5th Cir. 2007). "Willfulness . . . requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *United States v. Cheek*, 498 U.S. 192, 201 (1991). Evidence of willfulness includes the defendant's history of previously filing tax returns, his receipt of deficiency letters from the IRS, and his inclusion of "protest" documents with his 1040 Form. *United States v. Shivers*, 788 F.2d 1046, 1048-49 (5th Cir. 1986).

No. 09-60656

In this case, there was evidence that Arceneaux had filed taxes for more than 30 years before determining that taxes were voluntary and that he was no longer liable for taxes. There also was evidence that Arceneaux ignored repeated admonishments from the Internal Revenue Service that his arguments were frivolous. The record does not reflect that Arceneaux misunderstood the tax laws or had a good-faith belief that he was not violating the tax laws. Rather, the record reflects that Arceneaux knew that he had a duty to pay taxes and that he voluntarily and intentionally violated that duty based on his disagreements with the Internal Revenue Code. *See Cheek,* 498 U.S. at 201; *United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005). Because evidence of Arceneaux's willfulness was not "so tenuous that a conviction would be shocking," *Pierre*, 958 F.2d at 1310, his conviction for willfully failing to file tax returns did not result in a miscarriage of justice.

We likewise conclude that there was sufficient evidence to support his conviction for corruptly endeavoring to impede the administration of Internal Revenue Laws under § 7212(a). "A defendant acts 'corruptly' for the purposes of § 7212(a) when he or she acts with the intention of securing improper benefits or advantages for one's self or others." *United States v. Phipps*, 595 F.3d 243, 247 (5th Cir.) (quotation marks and citation omitted), *cert. denied*, 130 S. Ct. 3336 (2010).

The record reflects that Arceneaux continued to prevent the collection of his taxes even after he received notice that his arguments that he was not liable for taxes were frivolous, by, among other things, filing liens against an IRS agent and a state clerk of court in their personal capacities in an attempt to have the tax liens withdrawn. Based on this evidence, the jury could have found that Arceneaux acted corruptly, as that term is used in § 7212(a).

Arceneaux also argues that the district court erred in refusing to give three requested jury instructions.

3

No. 09-60656

The district court's refusal to "give a jury instruction constitutes error only if the instruction (1) was substantially correct, (2) was not substantially covered in the charge delivered to the jury, and (3) concerned an important issue so that the failure to give it seriously impaired the defendant's ability to present a given defense." *United States v. Clements*, 73 F.3d 1330, 1338 (5th Cir. 1996) (quotation marks and citation omitted); *Simkanin*, 420 F.3d at 410. We will not reverse a conviction based on a challenge to the jury instructions "unless the instructions taken as a whole do not correctly reflect the issues and law." *Clayton*, 506 F.3d at 410 (quotation marks and citation omitted).

Arceneaux asserts that the district court should have instructed the jury that it must acquit if it found that Arceneaux "believed in good faith that [for 2003 and 2004] his income was not taxable and thus he was not required to file a federal income tax return." He does not dispute that the instruction given by the district court was a correct statement of the law but instead argues that the explanation of "good faith" was buried within the court's instruction on what constitutes "willful" conduct and asserts that he was entitled to a separate instruction.

Because the instruction given by the district court was proper and correctly instructed the jury under what circumstances a defendant's good faith belief could negate willfulness, the district court was not required to include a specific instruction on good faith. *See Simkanin*, 420 F.3d at 411. The requested instruction was substantially covered in the charge that was given to the jury. Accordingly, the district court's refusal to give the requested instruction did not constitute reversible error. *See id.*; *Clements*, 73 F.3d at 1338.

Arceneaux also argues that the district court erred by failing to instruct the jury, in relevant part, that it could "not convict if the evidence is evenly balanced between guilt and innocence." Although Arceneaux contends that the district court should have included his requested instruction to provide a more

4

illustrative definition of reasonable doubt and to distinguish reasonable doubt from a preponderance of the evidence standard, the district court had substantial latitude in formulating its reasonable doubt instruction. *See United States v. Hunt*, 794 F.2d 1095, 1097 (5th Cir. 1986). The district court was not required to abide by a particular form of words, and Arceneaux was not entitled to any particular wording. *Id.*; *see also United States v. Williams*, 20 F.3d 125, 128 (5th Cir. 1994). Moreover, the requested instruction was substantially covered by the district court's proper pattern instruction on reasonable doubt. Accordingly, the district court did not reversibly err in refusing to include this proposed instruction. *See United States v. Skelton*, 514 F.3d 433, 446 (5th Cir. 2008).

Arceneaux argues that the district court erred by failing to admonish the jury on "the long-standing rule against guilt by association" because the Government elicited evidence at trial that he had relied on information provided by individuals who had violated tax laws. Whether Arceneaux knew that those individuals had been unsuccessful in their own attempts to avoid tax liability was relevant to whether Arceneaux's actions were willful. *See Shivers*, 788 F.2d at 1048-49. Nevertheless, the substance of Arceneaux's requested instruction was substantially covered by the district court's instructions to the jury that Arceneaux was "not on trial for any act, conduct or offense not alleged in the indictment" and that it should not consider "the guilt of any other person or persons not on trial as a defendant in this case." The instructions, taken as a whole, correctly reflect the issues and law. Thus, the district court did not err by failing to give Arceneaux's requested instruction. *See Clayton*, 506 F.3d at 410.

Finally, we note that insofar as Arceneaux asserts that his trial counsel's failure to properly move for acquittal constituted ineffective assistance, claims of ineffective assistance of trial counsel generally "cannot be resolved on direct

appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (quotation marks and citation omitted). Because the record is insufficiently developed, we decline to review Arceneaux's ineffective assistance of counsel claim.

The judgment of the district court is AFFIRMED.