UNITED STATES of America,
Plaintiff-Appellee,

v.

Austin B. TIBBETTS,
Defendant-Appellant.

No. 80–1911
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

May 28, 1981.

Before THORNBERRY, COLEMAN and AINSWORTH, Circuit Judges.

Law Offices of Thomas W. Kendrick, Amarillo, Tex., for defendant-appellant.

LeRoy M. Jahn, Asst. U. S. Atty., San Antonio, Tex., William C. Bryson, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before BROWN, AINSWORTH and GARZA, Circuit Judges.

PER CURIAM:

The appellant, Dr. Austin B. Tibbetts, a licensed physician, filed tax returns with the Internal Revenue Service for 1974, 1975, and 1976, withholding financial information which precluded the calculation of his tax liability. Tibbetts withheld the information on the basis of his Fifth Amendment right against self incrimination. Tibbetts was indicted on three counts of failing to file a tax return in violation of 26 U.S.C. § 7203 and three counts of attempted tax evasion in violation of 26 U.S.C. § 7201. He was tried before a jury which found him guilty on all counts.

During the trial, the government introduced a videotape of a 1978 talk show in which Tibbetts was one of the guests. Initially, Tibbetts objects to the absence of a transcript of the videotape in the record on appeal. Apparently, this omission was inadvertent, and the record has since been supplemented with that transcript. Thus this objection has been rendered moot. Tibbetts also objects to the introduction of the tape itself on the grounds that his comments were not admissible under Rule 403 of the Federal Rules of Evidence and that statements by another guest were inadmissible as being irrelevant. The trial court allowed the viewing of the videotape but ordered the volume turned off whenever any questions were directed at the other

guest or any answers were made by that guest. In only one instance was the voice of this guest heard by the jury. The statements made by this guest were completely harmless and could not have prejudiced Tibbetts in any way.[1]

■ In Tibbetts' interview, he expounded on his reasons for being a tax protester and even explained his method of refusing to file financial information based upon his Fifth Amendment rights, which is the very method that became the basis of this action against him. He also stated that he had been using this method for six years prior to the time of the interview. Clearly, his remarks at the interview are admissible under Rule 403 as showing intent or motive at the time that he filed his incomplete returns.

■ Tibbetts also contends that the trial court erred in instructing the jury that the Fifth Amendment does not give a person the right to withhold non-incriminating information on a tax return and that the revelation of income from legitimate activities does not amount to self-incrimination. This court has previously ruled on this precise issue, upholding a nearly identical instruction and ruling that the filing of such a return cannot be justified solely under the Fifth Amendment. *United States v. Johnson*, 577 F.2d 1304, 1311 (5th Cir. 1978). *See also United States v. Willis*, 599 F.2d 684, 685 (5th Cir. 1979); *United States v. Brown*, 591 F.2d 307, 311 (5th Cir. 1979), *cert. denied*, 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979). Thus, being bound by a prior decision of a panel of this court, we need not discuss this objection any further.

Finally, Tibbetts contends that he has been the victim of selective prosecution and that his vocal opposition to the tax laws has caused the government to prosecute him, thus chilling his First Amendment right to freedom of expression. The district court conducted an evidentiary hearing on this matter and ruled against Tibbetts.

■ To prevail in a selective prosecution challenge, a defendant must make a *prima facie* showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not been prosecuted. *United States v. Lichenstein*, 610 F.2d 1272, 1281 (5th Cir. 1980), *cert. denied*, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980). If the defendant meets this *prima facie* showing, he must then show that the government's discriminatory selection of him for prosecution has been invidious or done in bad faith. *Id.* If the trial court finds that the defendant has failed to meet this initial *prima facie* showing, the court need not reach or determine the second element. *United States v. Kahl*, 583 F.2d 1351, 1354 n. 3 (5th Cir. 1978); *United States v. Johnson*, 577 F.2d at 1309.

■ The record demonstrates that in recent years the government has prosecuted numerous individuals who failed to file tax returns, a number of them being tax protestors.[2] As this court noted in *United States v. Johnson*, 577 F.2d at 1309, selective enforcement of the law is not a constitutional violation. Further, such selection is not impermissible solely because it focuses upon those most vocal in their opposition to the tax laws. *Id.* The government's prosecution of tax protestors as a group merely indicates a valid interest in punishing violators who flagrantly and vocally break the law. *Id.* Due to limited resources of the govern-

---

1. The other individual who was a guest on the same talk show, whose name was Hunter, said the following:

    I'll let Dr. Tibbetts answer that. He has some recent figures on this, some of them from the Internal Revenue themselves.

2. The group manager with the Criminal Investigation Division of the Internal Revenue Service covering the northern and parts of the western districts of Texas, recommended twenty six cases for prosecution in 1977, thirteen of which involved tax protestors. In 1978, he recommended nineteen cases, three of which were tax protestors. In 1979, he recommended prosecution in twenty eight cases, seven of which involved tax protestors. The same individual stated that Tibbetts' status as a tax protestor was not the basis for the recommendation for prosecution. Rather, he stated that Tibbetts' tax protesting led the government to investigate him at which time they discovered he was breaking the law.

ment, there will always be some tax evaders and tax protestors who elude prosecution by the government. This factor is not sufficient to show selective prosecution. The evidence is clear that the government did not prosecute Tibbetts while ignoring others similarly situated. Since Tibbetts failed to meet his *prima facie* showing, we need not reach the second element.

AFFIRMED.