**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles E. RICE, Defendant-Appellant.**

**No. 80–1312
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 15, 1981.

Rehearing Denied Nov. 10, 1981.

21. The Commission's findings amply support its conclusion that departure from the *United* method is not warranted. The Commission noted:

United constructed capacity to meet the peak contractual demands of its customers. While curtailment has prevented these demands from being fully met, it is still reasonable to assign some of the capacity costs on the basis of the nature of the demands imposed by different customers on the pipeline system. Those customers with predominantly temperature sensitive loads imposed demands for which capacity must be available and frequently require operational flexibility which may also generate the need for invest-

ment. Additionally, the level of utilization during periods of peak demand requires investment decisions, particularly with regard to the need to replace or retire facilities and equipment. Thus it is both equitable and appropriate that peak utilization be recognized as contributing to cost responsibility. J.A. at 128. Thus, the Commission in the instant case concluded that continued allocation of some part of fixed costs to the demand component was just and reasonable, despite the reduced significance of capacity. We see no reason to upset these findings.

\* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Joe Alfred Izen, Jr., Houston, Tex., for defendant-appellant.

Rebecca Gregory, Shirley Baccus-Lobel, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The defendant Rice appeals from a conviction for one count of willfully failing to file an income tax return with the Internal Revenue Service, in violation of 26 U.S.C. § 7203. We affirm.

On appeal Rice asserts that his indictment should have been dismissed (1) be-

cause of improper venue and (2) because the government engaged in selective prosecution. Rice also argues that his conviction should be reversed and remanded for a new trial on the further grounds that: (3) the trial court failed to submit to the jury, *sua sponte*, an interrogatory to determine whether Rice's answers to questions on his return would have been incriminating, and the trial court failed to charge the jury properly on this issue; (4) the prosecutor made prejudicial comments and argument; (5) Rice should not be considered a "person" required to file income tax returns within the meaning of 26 U.S.C. § 7343. We find no merit to these contentions for the following reasons:

## 1. *Venue*

■ The crime of failure to file an income tax return is committed in a judicial district in which the taxpayer is required to file. *United States v. Quimby*, 636 F.2d 86, 89–90 (5th Cir. 1981); *United States v. Calhoun*, 566 F.2d 969, 973 (5th Cir. 1978). With exceptions not here relevant, a return must be filed either "in the internal revenue district in which is located the legal residence or principal place of business of the person making the return" or else "at a service center serving [that] internal revenue district." 26 U.S.C. § 6091(b)(1)(A). The defendant was therefore properly indicted and tried in the *Northern* District of Texas, in which he resided at Dallas and in which was located the Dallas internal revenue district.

His motion to dismiss the indictment alleged that the crime was instead properly cognizable only in the *Western* District of Texas, in which is located Austin, the service center for the district. The basis for the argument is that the 1976 returns for the Northern District were merely marked "received" at the Dallas IRS office and were then forwarded to the Austin service center for filing. Nevertheless, prosecution was instituted in a district of proper statutory venue. The factual circumstance relied upon is irrelevant to the venue issue and would not deprive the judicial authorities of the statutorily authorized district of venue to entertain the prosecution.

## 2. *"Selective Prosecution"*

Rice claims that, as a "tax protester", he was the victim of selective prosecution. He points out that tax protestors are currently the subject of intensive tax enforcement efforts. He relies, for instance, on procedures outlined in an IRS manual entitled "Examination and Investigation of Illegal Tax Protest-type activities" to identify such protestor's returns and check them for illegality. He notes also that IRS policy normally calls for criminal prosecution for failure to file an income tax return only where the taxpayer's income exceeded $30,000 *except* in the case of tax protestors. (Rice's gross income for the year was alleged by the indictment to have been $13,005.07).

The district court conducted an evidentiary hearing on this issue and ruled against Rice.

■ To prevail in a selective prosecution challenge, a defendant must first make a prima facie showing that he has been singled out for prosecution while others similarly situated and committing the same acts have not. *United States v. Tibbetts*, 646 F.2d 193 (5th Cir. 1981); *United States v. Lichenstein*, 610 F.2d 1272, 1281 (5th Cir.), *cert. denied*, 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980). If the defendant makes this showing, he is further required to show that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, by resting upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. *Tibbetts, supra; United States v. Kahl*, 583 F.2d 1351, 1353 (5th Cir. 1978); *United States v. Johnson*, 577 F.2d 1304, 1308 (5th Cir. 1978).

At the evidentiary hearing, the regional counsel for the Internal Revenue Service testified that the criteria used in determining whether to prosecute a given case under 26 U.S.C. § 7203 was the same for "tax protesters" as for any other individuals suspected of violating the provision. Those criteria are: (1) whether the evidence is

sufficient to establish guilt beyond a reasonable doubt, and (2) whether there is a reasonable probability of conviction. The regional counsel also testified that factors such as flagrancy of the violation, potential tax harm, and the dollar amount involved are all considered in the determination whether there is a reasonable probability of conviction.

This court has consistently rejected claims of selective prosecution by other "tax protesters" similar to those advanced herein. See, e. g., *Tibbetts, supra,* 646 F.2d at 195; *Kahl, supra,* 583 F.2d at 1353–54; *Johnson, supra,* 577 F.2d at 1309. We noted there in that selective enforcement of the law is not in itself a constitutional violation, in the absence of invidious purpose. We also held that selection of cases for close investigation and for prosecution (only if illegal conduct is discovered) is not impermissible simply because focused upon those most vocal in a concerted effort to encourage violation of the nation's tax laws. "The government's prosecution of tax protesters as a group merely indicates a valid interest in punishing violators who flagrantly and vocally break the law." *Tibbetts, supra,* 646 F.2d at 195. The "selection for prosecution based in part upon the potential deterrent effect on others serves a legitimate interest in promoting more general compliance with the tax laws. Since the government lacks the means to investigate every suspected violation of the tax laws, it makes good sense to prosecute those who will receive, or are likely to receive, the attention of the media." *United States v. Catlett,* 584 F.2d 864, 868 (8th Cir. 1978). For similar reasons, it is not unconstitutionally selective to focus for investigative purposes upon a group that on objective examination is much more likely than at random to have committed tax illegalities openly approved by them.

▪ The rationale of most of the decisions cited is that no prima facie case has been made out of "selective prosecution" from among those similarly situated, because tax protestors openly advocating noncompliance with the tax laws are not "similarly situated" to other taxpayers who merely neglect to file tax returns. It is apparent, however, that the identical rationale would support a conclusion, if indeed such a program amounts to selective prosecution, it is not invidiously motivated and thus does not offend the Constitution. In either event, we find no merit to this contention.

3. *Jury Interrogatory and Jury Instruction of Fifth Amendment Privilege*

Rice contends that the trial court erred in refusing to submit an interrogatory to the jury for it to determine whether or not Rice was mistaken in claiming a fifth amendment privilege against self-incrimination with regard to his income tax "return" for 1976. This contention is frivolous, if only because Rice never requested such action from the district court at the time of trial, as well as for several other reasons.

▪ Likewise, we find to be patently unmeritorious Rice's related contention that the district court erred in its instructions to the jury with regard to his fifth amendment claim. In the first place, a tax-protestor defendant's attack upon an identical jury instruction was rejected in *Johnson, supra,* 577 F.2d at 1310 n.3. In the second place, as *Johnson* itself noted, *Id.* at 1311, the instruction may have been unduly favorable to the taxpayer; and, under the facts herein present, the taxpayer defendant may not have been entitled to any charge at all that a good faith, although erroneous, claim of privilege against self-incrimination negates the "willfulness" requisite for criminal violation. *United States v. Booher,* 641 F.2d 218, 220 (5th Cir. 1981); *see also United States v. Neff,* 615 F.2d 1235 (9th Cir. 1980).

4. *Prosecutorial Misconduct*

▪ The gravamen of the improper-comments complaint seems to be that the prosecutor improperly referred to the amount of taxes owed and paid for the taxable year in question or in previous years. The evidence to this effect had been properly admitted, over objection, as probative of the willful-

ness and intent requisite for the offense. See, e. g., *United States v. Farber*, 630 F.2d 569, 571–72 (8th Cir. 1980), *cert. denied*, 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981). We have some difficulty in understanding as raising an arguable issue Rice's contentions that the prosecutor's dispassionately stated arguments justifying admission of this evidence in the face of the defendant's objection, or his questions eliciting such testimony, constituted improper prosecutorial comment.

 There is slightly more substance to Rice's complaint of the prosecutor's statement, in closing argument after summarizing the evidence, that: "The long and short of it is that Mr. Rice has chiseled on his income tax." However, the defendant did not object to it at the time; in context, it seems to have been the prosecutor's argument that the evidence was open to the conclusion he stated; in the absence of objection at that time, which could have secured curative admonition (if needed), we are unable to say that the conclusory comment was obvious or "plain" error affecting the substantial rights of the defendant, Fed.R.Crim.P. 52(b), so as to require reversal even in the absence of trial objection as seriously affecting the fairness of the trial. *United States v. Cormier*, 639 F.2d 1177, 1183 (5th Cir. 1981).

5. *Rice Not a "Person"?*

Finally, Rice contends that he is not a "person" required to file an income tax return by 26 U.S.C. § 7203, for violation of which he was convicted. He points out that 26 U.S.C. § 7343 provides that a "person", for such purposes, "*includes* an officer or employee of a corporation, or a member or employee of a partnership" (emphasis supplied) who has the duty to file such a return. In a nigh frivolous non-sequitur, Rice concludes from the statutory language that "[o]bviously, Section 7343 does not include the term 'natural person'". Def. brief, p. 25. Perhaps so. Even more obviously, however, the statutory provision was not intended to exclude individual or to *limit*

the ordinary meaning of the term "person" so as to exclude individuals or "natural persons", in counsel's phrase, from their responsibility to comply with the tax laws.

*Conclusion*

Finding no merit to the defendant Rice's contentions, we AFFIRM his conviction.

AFFIRMED.