UNITED STATES of America,
Plaintiff-Appellee,

v.

Donald Clifton REED,
Defendant-Appellant.

No. 81–1399
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 19, 1982.

Certiorari Denied June 14, 1982.
See 102 S.Ct. 2945.

Ben Blank, Amarillo, Tex. (Court-appointed), for defendant-appellant.

Clinton E. Averitte, Asst. U. S. Atty., Lubbock, Tex., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

Donald C. Reed was indicted on two misdemeanor counts of failing to file an individual income tax return for the years 1977 and 1978, in violation of 26 U.S.C. § 7203, and on one count of filing a false and fraudulent Employee's Withholding Allowance Certificate, Form W–4, in violation of 26 U.S.C. § 7205. Evidence adduced at trial reflected that Reed's income, adjusted to his community interest, was $13,882 in 1977, and $15,368 in 1978, resulting in income tax liabilities of $2,307 and $2,966, respectively, in those two years. The jury returned a verdict of guilty on all three counts. Reed appeals, contending that prejudicial evidence was admitted, the jury was erroneously charged as to his fifth amendment rights, and the trial judge erred in denying his motion for judgment of acquittal *non obstante veredicto*. We find no error and affirm.

Reed made tax return filings on which he purposely and intentionally failed to disclose financial information and other pertinent data necessary for the computation of his tax liability. Reed maintains that because of a pending criminal investigation by the Internal Revenue Service, the fifth amendment entitled him to withhold this information. Reed also filed a W–4 form certifying he had incurred no tax liability in 1977 and expected none in 1978, therefore no deductions were to be made from his earnings.

### 1. Inadmissible evidence.

■ The government offered into evidence a copy of a civil suit filed by Reed and others against the IRS, in which they challenged the constitutionality of the income tax laws. No objection was made at time of trial. On appeal Reed contends that this evidence should have been excluded under Fed.R.Evid. 403 because its probative value was outweighed by its prejudicial effect. To prevail in this argument, under these circumstances, Reed must show that the trial judge committed plain error. Fed. R.Crim.P. 52(b); *United States v. Pool*, 660 F.2d 547 (5th Cir. 1981).

■■ We recently considered and rejected the essence of this contention in *United States v. Tibbetts*, 646 F.2d 193 (5th Cir. 1981). Evidence of a person's philosophy, motivation and activities as a tax protestor is relevant and material to the issue of intent. *See United States v. Brown*, 591 F.2d 307 (5th Cir.), *cert. denied*, 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979); *United States v. Stephen*, 569 F.2d 860 (5th Cir. 1978). No error was committed by allowing the filing of the civil tax pleadings. Such evidence relates directly to the issue of intent.

### 2. Fifth amendment charge.

Reed insists that the fifth amendment protects his refusal to file a tax return containing sufficient information upon which a proper computation of his tax liability could be made. "It is well-settled in this circuit that [a] protest return does not even amount to a 'return' as defined in § 7203, *United States v. Smith*, 618 F.2d 280, 281 (5th Cir. 1980), and that the protest return cannot be protected under the Fifth Amendment." *United States v. Booher*, 641 F.2d 218, 219 (5th Cir. 1981) (*citing United States v. Brown*, 591 F.2d 307 (5th Cir.), *cert. denied*, 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979); *United States v. Johnson*, 577 F.2d 1304 (5th Cir. 1978)).

Reed's 1977 return can be characterized as a protest return; he filed a Form 1040 reflecting only the amount withheld from his earnings. Reed claimed a refund for this amount. No other dollar figure appeared on the return. No proper filing was made in 1977. His 1978 return was likewise void of meaningful data. Reed defends his failure to file on the grounds that he was the subject of an IRS criminal investigation, the scope of which was not certain, and to provide the information required on the tax return would incriminate him. Reed maintains he was entitled to invoke the protections of the fifth amendment and that the trial court erroneously charged the jury when it stated:

> Now, if the Defendant had a good faith belief in his right to assert his privilege not to incriminate himself, then the Defendant would be not guilty of the crime charged; however, a taxpayer may not avoid filing a required income tax return by claiming his privilege against self-incrimination unless the taxpayer in good faith believes that if he furnished the required information on a tax return, that the relation of such information would subject him to incrimination and possible prosecution for violation of criminal law.
>
> The Fifth Amendment privilege does not give a person the right to withhold the required information on the return concerning items the disclosure of which would not incriminate him. Revelation of income from legitimate activities in which no criminal activity was involved would not constitute self-incrimination.

■ We approved this instruction in *United States v. Tibbetts*, 646 F.2d at 195 (*citing United States v. Johnson*, 577 F.2d 1304 (5th Cir. 1978)). *See United States v. Booher*, 641 F.2d 218 (5th Cir. 1981). As we explicated in *Johnson* :

> The Fifth Amendment privilege protects the erroneous taxpayer by providing a defense to the prosecution if the jury finds that the claim, though erroneous, was made in good faith. This assumes that a good faith claim of the privilege is

not made at one's peril and that erroneous taxpayers will be afforded the opportunity to reconsider their responses, after proper explanation of the limits of the privilege. Three principles may be distilled from the authorities: (1) the privilege must be claimed specifically in response to particular questions, not merely in a blanket refusal to furnish any information; (2) the claim is to be reviewed by a judicial officer who determines whether the information sought would tend to incriminate; (3) the witness or defendant himself is not the final arbiter of whether or not the information sought would tend to incriminate.

577 F.2d at 1311. Reed's defense that he acted in good faith fails to pass muster. He intentionally refused to file financial information which, according to the evidence, was derived from legitimate sources. To have truthfully disclosed this information might have civilly exposed Reed, but the criminal exposure envisioned by the fifth amendment would not have been implicated.

3. *Denial of judgment n. o. v.*

■ In reviewing the trial court's denial of defendant's motion for judgment n. o. v., the test we apply is whether the jury might reasonably conclude that the evidence, viewed in a light most favorable to the government, is inconsistent with every reasonable hypothesis of the defendant's innocence or, stated differently, whether a reasonably minded jury must necessarily entertain a reasonable doubt of the accused's guilt. *United States v. Diaz*, 655 F.2d 580, 583–84 (5th Cir. 1981).

■ Ample evidence supports the jury's verdicts. Reed and his wife, together, had income in excess of $27,700 in 1977 and $30,700 in 1978. Reed's community interest required the filing of tax returns in those two years. Reed refused to provide the financial data needed to compute his tax liability. Evidence presented described Reed's expressed moral and religious convictions against the payment of income taxes. The jury was entitled to reasonably

conclude that Reed had not acted in good faith when he willfully failed to file proper tax returns and when he executed the false W–4 form.

The judgment of the district court is, in all respects, AFFIRMED.