UNITED STATES of America, Appellee,

v.

Francis J. TURANO,
Defendant, Appellant.

No. 85–1203.

United States Court of Appeals,
First Circuit.

Argued June 5, 1986.

Decided Sept. 26, 1986.

Michael W. Reilly with whom Haussermann, Davison & Shattuck, Boston, Mass., was on brief, for defendant, appellant.

Thomas J. Drinan, Asst. U.S. Atty., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before BREYER, Circuit Judge, BROWN,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

TORRUELLA, Circuit Judge.

This case arises from appellant Francis J. Turano's failure to file income tax returns for the years 1978–1982. The jury below found that the failure to file was willful, for which the trial judge sentenced the appellant to imprisonment for five consecu-

* Of the Fifth Circuit, sitting by designation.

tive one month terms under 26 U.S.C. § 7203. Appellant raises three issues, which we treat in turn. First, whether the trial judge's instruction to the jury regarding the meaning of "good faith" improperly injected an objective element into the subjective willfulness inquiry. Second, whether the evidence and jury instruction regarding appellant's tax protest activities were relevant, adequately defined, and in accordance with the First Amendment. And third, whether a misstatement of law in the prosecution's closing argument constituted plain error that substantially affected appellant's right to a fair trial. We find that no error was committed as to any of these issues and, therefore, affirm.

# I

■ A criminal conviction of failure to file income tax returns requires a subjective showing of willfulness: that defendant knew that filing a form was legally required, but that nonetheless there was a failure to file. *See United States v. Aitken,* 755 F.2d 188, 193 (1st Cir.1985). Appellant defended his case below by asserting a good faith belief that he was not required to file income tax returns. Accordingly, the primary issue at trial was the credibility of this alleged good faith belief.

■ Appellant claims that the trial judge's supplemental instruction to the jury explaining the good faith defense improperly injected an objective element into the subjective test. The entire supplemental instruction follows:

If you find that the defendant understood what the law required but disagreed with what the law required, then you must find him guilty. But if you find that he sincerely and in good faith believed that the law was that he did not have to file a return either because wages are not income or because the Fourth and/or Fifth Amendment of the Constitution do not require filing, then you cannot find that he acted willfully. Good faith is a state of mind. Did he sincerely, honestly believe what the law,

what he said the law required, or did he in fact know what the law required and simply disagreed with it?

In deciding his state of mind, you may consider whether his position was wholly frivolous or whether it was a reasonable position from his point of view, and on what it was based and what he did to find out what the underlying law was. Does that help you?

Appellant bases his argument on a reading of the third paragraph divorced from the preceding two paragraphs. Taken as a whole, the instruction accurately describes the subjective nature of the good faith defense.

Out of context, the statements "wholly frivolous" and "reasonable" could suggest objectivity. But in the context of the preceding two paragraphs and with the modification "from his point of view," the statements properly inform the jury how to apply a difficult subjective test. The jury cannot read the defendant's mind. They must use whatever evidence they can to determine what he believed. The more unreasonable the defendant's alleged belief that he did not have to file a tax return, the less likely he, in fact, held that belief. Stating this obvious point does not eliminate the requirement that, in order to convict, the jury find that defendant knew he was legally required to file. Therefore, the supplemental instruction was not in error.

# II

Our disposition of the second claimed error, the admission of evidence regarding tax protest activities and the use of the term "tax protester" in the instructions to the jury, relates to the willfulness requirement as well. When the judge instructed the jury as follows, she was giving them guidance on how to determine whether Turano knew he was legally required to file:

"You may consider in deciding this case his state of mind, his philosophies and activities. If you find that he is a tax protester, you may consider that in determining what his state of mind was and whether or not he acted willfully."

The limited tax protest activities and statements presented in evidence were relevant to the jury's inquiry.[1] What appellant said and did at meetings held to encourage other people not to file federal income tax returns is useful evidence for a jury charged with evaluating his state of mind when not filing his own returns. "Evidence of a person's philosophy, motivation and activities as a tax protester is relevant and material to the question of intent." *United States v. Reed,* 670 F.2d 622, 623 (5th Cir.1982), *cert. denied,* 457 U.S. 1125, 102 S.Ct. 2945, 73 L.Ed.2d 1341 (1982).

■ The use of the term "tax protester" is a permissible shorthand way for a judge to refer to such activities and highlight their relevance. The term is not vague, especially in light of the specific acts and statements put in evidence at trial. Other courts have used the term. *See, e.g., United States v. Reed,* 670 F.2d at 623; *United States v. Carlson,* 617 F.2d 518, 519, 524 (9th Cir.1980). And with the evidentiary background that the jurors received below, they, no less than judges and attorneys, could be expected to know what it means.

■ The jury instruction and evidence relating to tax protest activities did not infringe Turano's First Amendment rights. He was not convicted for speaking out against taxation or for encouraging others not to file, but rather for willfully failing to file his own returns. In order to determine his state of mind, the jury was entitled to know what he said and did regarding Federal income taxation. The First Amendment protects the appellant's right to express beliefs and opinions; it does not give him the right to hide those beliefs and opinions from a jury properly concerned with his motivations for failing to file.

### III

The appellant's final claimed error is a misstatement of law by the prosecution in closing argument. The prosecuting attorney incorrectly stated that the 16th Amendment had eliminated the Constitutional distinction between direct and indirect taxation. *See Eisner v. Macomber,* 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521 (1920) (the 16th Amendment only eliminated the distinction for income taxes). Because the misstatement was not objected to below, we may overturn the jury's verdict only if appellant demonstrates "plain error." *See United States v. Aitken,* 755 F.2d at 191.

■ The only taxes at issue at trial were income taxes. With regard to income taxes, the prosecutor's statement is correct. The 16th Amendment eliminated the indirect/direct tax distinction as applied to taxes on income. *See Eisner v. Macomber, supra; Brushaber v. Union Pacific Railroad Co.,* 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1915). That the prosecutor said the distinction had been eliminated for all forms of taxation was overbroad; but because we find that the misstatement related to a tangential legal issue and did not substantially affect the defendant's rights, we conclude that the trial judge's failure to correct the misstatement was not plain error.

Accordingly, the conviction is *affirmed.*

---

1. The trial court was careful to admit evidence of appellant's tax protest activities only insofar as they were relevant to the willfulness inquiry.