LLOYD WHITE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
White v. Commissioner
Docket No. 30875-88.
United States Tax Court
T.C. Memo 1989-234; 1989 Tax Ct. Memo LEXIS 234; 57 T.C.M. (CCH) 394; T.C.M. (RIA) 89234; May 15, 1989. Lloyd White, pro se. William B. McCarthy, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: This case was assigned *235 pursuant to section 7443A(b) of the Internal Revenue Code of 1986. This case is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted. Respondent, in his notice of deficiency dated August 26, 1988, determined a deficiency for the taxable year 1983 in the amount of $ 6,432. Respondent further determined additions to tax as follows: Section 6651(a)(1) [1] in the amount of $ 505; section 6653(a)(1) in the amount of $ 906.86; section 6653(a)(2) in the amount of 50 percent of the interest due on the deficiency; and section 6654(a) in the amount of $ 56. The primary adjustment in the notice of deficiency was the inclusion of wages not reported by petitioner. A timely petition was filed on November 28, 1988. At the time of filing the petition herein, petitioner resided at Fort Lauderdale, Florida. In his petition, petitioner makes claims which have been described on numerous prior occasions as "tax protester *236 arguments." Petitioner states that he is a private person and not a person liable to pay income tax. Petitioner further alleges that he is not required to file a Federal income tax return. Rule 34(b)(4) provides that the petition shall contain "Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. * * *" Further, Rule 34(b)(5) provides that the petition shall contain "Clear and concise lettered statements of the facts on which petitioner bases the assignments of error." No justiciable error has been alleged in the petition with respect to respondent's determination of the deficiency, and no facts in support of such error are set forth therein. The absence in the petition of specific justiciable allegations of error and of supporting facts compels this Court to grant respondent's motion. See Klein v. Commissioner,45 T.C. 308 (1965); Goldsmith v. Commissioner,31 T.C. 56 (1958); Weinstein v. Commissioner,29 T.C. 142 (1957). There is no doubt that petitioner bears the burden of proof to establish that respondent's *237 determination is erroneous. Welch v. Helvering,290 U.S. 111, 115 (1933). It is equally clear that any issues not raised in the assignments of error shall be deemed to be conceded. Jarvis v. Commissioner,78 T.C. 646, 658 n.19 (1982). Petitioner bears the burden of proof with respect to the additions to tax. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Petitioner has not alleged any justiciable error with respect to these additions. Accordingly, respondent's determination with respect to the deficiencies and additions to tax is sustained. By notice served January 18, 1989, petitioner was given an opportunity to object to respondent's motion to dismiss on or before February 7, 1989. No objection was received by the Court. By order served February 24, 1989, petitioner was provided an opportunity to file an amended petition. The Court advised petitioner that the allegations made in his petition have been uniformly rejected by the courts. The Court further admonished petitioner that failure to comply with our Rules might result in an award of damages to the Government under section 6673. On March 20, 1989, petitioner's *238 "Motion for Summary Judgment and Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted" was filed. Petitioner's argument is essentially as follows: "That there can be no deficiency of tax, penalties or fines in the absence of self-assessment." The arguments made by petitioner are a regurgitation of thoroughly discredited and meritless arguments. McCoy v. Commissioner,76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Rowlee v. Commissioner,80 T.C. 1111 (1983). Petitioner's contentions are totally without merit. Carter v. Commissioner,784 F.2d 1006, 1009 (9th Cir. 1986); United States v. Rice,659 F.2d 524, 528 (5th Cir. 1981). Accordingly, petitioner's motion filed March 20, 1987, will be denied. Despite being admonished by the Court, petitioner has continued to raise frivolous claims. We find petitioner's arguments are frivolous and groundless and that this action has been instituted and maintained primarily for delay. Accordingly, damages will be awarded to the United States under section 6673 in the amount of $ 3,500. An order and decision *239 will be entered granting respondent's motion, denying petitioner's motion, and awarding damages under section 6673.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue unless otherwise noted. All Rules references are to the Tax Court Rules of Practice and Procedure.↩