925 F.2d 1466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James NAPIER, Jr., Defendant-Appellant.
 No. 90-1297.
 United States Court of Appeals, Sixth Circuit.
 Feb. 22, 1991.
 
 Before MERRITT, Chief Judge, and KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 James Napier, Jr. appeals pro se from his conviction and sentence for failing to file a federal tax return. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel concludes that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Napier pled guilty to not filing a federal income tax return for 1986 in violation of 26 U.S.C. Sec. 7203. In return, the United States moved for dismissal of five other counts under Sec. 7203. A magistrate accepted Napier's guilty plea under 18 U.S.C. Sec. 3401 and sentenced him to imprisonment for one year and a $2,000 fine. The district court affirmed Napier's conviction and sentence on February 27, 1990. It is from this judgment that Napier now appeals.
 
 
 3
 Napier first argues that the district court lacked jurisdiction in his case because he is not a person who is subject to taxation. This argument is without merit in the instant case. See United States v. Rice, 659 F.2d 524, 528 (5th Cir.1981). The district court's authority to hear Napier's case arises under 18 U.S.C. Sec. 3231.
 
 
 4
 Napier also argues that his plea was not valid because the magistrate corrected Napier's county of residence on the indictment. This argument is completely meritless because Napier agreed to the change and because the correction did not affect the substance of the charge against him. Cf. United States v. Hathaway, 798 F.2d 902, 910-12 (6th Cir.1986). Moreover, the record shows that the magistrate carefully complied with Fed.R.Crim.P. 11 in finding that there was a factual basis for the plea.
 
 
 5
 Finally, Napier's reply brief contains a suggestion that he was denied his sixth amendment right to counsel. However, the record shows that Napier refused the magistrate's offer to appoint counsel both at his arraignment and at sentencing. Cf. United States v. Krzyske, 836 F.2d 1013, 1017 (6th Cir.), cert. denied, 488 U.S. 832 (1988).
 
 
 6
 Accordingly, the district court's judgment affirming Napier's conviction is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.