IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40978
Conference Calendar

_____

NEAL D. SWANSON,

Plaintiff-Appellant,

versus

AMERICAN AIRLINES INC.,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CV-170
--------------------
April 13, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges

PER CURIAM:[*]

Neal D. Swanson appeals the summary-judgment dismissal of his lawsuit challenging the withholding of federal taxes from the wages he earns as a mechanic employed by American Airlines. Swanson's suit argued, inter alia, that he is not an "employee" subject to such withholding by American because the federal tax code provides that "the term 'employee' *includes* an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the

_____

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

foregoing. The term 'employee' also includes an officer of a corporation." 26 U.S.C. § 3401(c) (emphasis added). Swanson argued that under a "strict construction" of the statute, its reach does not extend to him because "includes" is a term of limitation, not enlargement, and he is neither a government employee nor a corporate officer. The district court rejected Swanson's arguments, granted American's motion for summary judgment, and dismissed Swanson's claims with prejudice.

We have reviewed the record de novo and find no error. Swanson has reasserted his statutory-construction argument on appeal. We reject his argument as contrary to the plain meaning and intent of the statute. See United States v. Latham, 754 F.2d 747, 750 (7th Cir. 1985) ("It is obvious that within the context of [§ 3401(c)] the word 'includes' is a term of enlargement not of limitation, and the reference to certain entities or categories is not intended to exclude all others."); see also United States v. Rice, 659 F.2d 524, 528 (5th Cir. 1981) (construing 26 U.S.C. § 7343 and concluding that term "includes" did not limit the ordinary meaning of the term "person" so as to exclude individuals or "natural persons" from reach of tax laws). It is obvious that § 3401(c) was not intended to exclude privately employed wage earners or to limit the ordinary meaning of the term "employee" so as to exclude persons such as Mr. Swanson from tax withholding. See United States v. Wong Kim Bo, 472 F.2d 720, 722 (5th Cir. 1972) (statutory terms are to be given ordinary meaning, unless it is clear that another meaning was intended).

Swanson's complaint charged that American discriminated against him on the basis of his national origin (U.S. citizen). His opening brief did not raise this issue; although it is addressed in his reply brief, an appellate issue cannot be raised for the first time in a reply brief, and thus we will not address it. United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989). Swanson's argument concerning Congress' taxing authority does not support his statutory-construction argument and is thus not relevant.

This appeal is without arguable merit; it is DISMISSED AS FRIVOLOUS. See 5th Cir. R. 42.2. Because Swanson's appeal is frivolous, we find that sanctions are warranted. See Coghlan v. Starkey, 852 F.2d 806, 808 (5th. Cir. 1988) (courts of appeals have ability to impose sanctions sua sponte). Swanson and his attorney are hereby ORDERED to show cause, within ten days of the date of this order, why a sanction in the amount of $2500.00 should not be imposed pursuant to FED. R. APP. P. 38.[**]

APPEAL DISMISSED; DIRECTIONS TO THE APPELLANT AND COUNSEL.

---

[**] Rule 38 provides, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." FED. R. APP. P. 38.