**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 00-4139

EDWARD LOUIS KOTMAIR,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-97-123-BO)

Submitted: March 30, 2001

Decided: April 19, 2001

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gregory J. Ramage, LAW OFFICE OF GREGORY RAMAGE,
Raleigh, North Carolina, for Appellant. Janice McKenzie Cole,
United States Attorney, Anne M. Hayes, Assistant United States
Attorney, David J. Cortes, Assistant United States Attorney, Raleigh,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Edward Louis Kotmair was charged with willful failure to file tax returns for the years 1990, 1991, and 1992, in violation of 26 U.S.C.A. § 7203 (West Supp. 2000). Kotmair stipulated that he did not file tax returns for those years and that he had income in excess of the exemption amount. The only issue at trial was whether Kotmair's failure to file was willful. Following his convictions and sentence, Kotmair appeals. We affirm.

Kotmair first argues that counsel was ineffective for failing to call his father as a defense witness and that the district court erred in denying his motion for a new trial on this basis. Because Kotmair failed to present argument supporting his challenge to the court's denial of his motion for a new trial, it is waived on appeal. See Fed. R. App. P. 28(a)(6); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

As for Kotmair's challenge to counsel's failure to call his father as a witness, because the record on appeal does not conclusively demonstrate ineffective assistance of counsel, we do not now address this issue. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000). Rather, Kotmair may raise this claim in the district court in a 28 U.S.C.A.§ 2255 (West Supp. 2000) motion, if he so chooses.

Kotmair next challenges the sufficiency of the evidence to support his convictions. Kotmair stipulated that he did not file tax returns for 1990, 1991, and 1992, and that his income exceeded the exemption amounts. The only issue before the jury was whether Kotmair's failure to file was willful. See Cheek v. United States, 498 U.S. 192, 201-02 (1991). The trial evidence, viewed in the light most favorable to the government, Glasser v. United States, 315 U.S. 60, 80 (1942),

2

showed that Kotmair had large amounts of income for the years in question, he failed to keep business records, he conducted business largely on a cash basis, he attempted to hide income and assets by requiring payments in amounts less than $10,000, he belonged to a tax protest organization, namely Save a Patriot Fellowship, he was notified by the IRS of his duty to file a return, and his father--founder of Save a Patriot--went to jail for his failure to file. This evidence was sufficient for the jury to infer that Kotmair's failure to file was willful. See Spies v. United States, 317 U.S. 492, 499-500 (1943) (finding that inference of willfulness may arise from attempts to conceal income or assets, failure to keep books or records, and conducting business largely on cash basis); United States v. Turano, 802 F.2d 10, 12 (1st Cir. 1986) (inference of willfulness from tax protest activities); United States v. Shivers, 788 F.2d 1046, 1048 (5th Cir. 1986) (inference of willfulness from disregard of notices informing of duty to file); United States v. Ostendorff, 371 F.2d 729, 731 (4th Cir. 1967) (allowing inference of willfulness from pattern of failure to file). We find that, taking the evidence in the light most favorable to the government, any rational juror could have found Kotmair guilty beyond a reasonable doubt. Glasser, 315 U.S. at 80; United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (holding that in resolving sufficiency of evidence, appeals court does not weigh evidence or review credibility of witnesses).

Kotmair next argues that the district court clearly erred in determining that the amount of tax loss exceeded $350,000. He asserts that applying the tax loss computation rules in U.S. Sentencing Guidelines Manual § 2T1.2(a) (1992), for the years 1990, 1991, and 1992, yields a tax loss of $166,889.21. In computing the tax loss, however, Kotmair failed to include all relevant conduct. The tax loss computation should include losses suffered by the federal and state governments in the years of conviction as well as other years in which the defendant's failure to file was "part of the same course of conduct or common scheme or plan," unless clearly unrelated. USSG § 2T1.2, comment. (n.3); see United States v. Bove, 155 F.3d 44, 47 (2d Cir. 1998); United States v. Powell, 124 F.3d 655, 663-65 (5th Cir. 1997). We find that the district court properly considered losses from years other than the years of conviction and losses to the states in computing the tax loss attributable to Kotmair, and therefore did not clearly err in adopting the recommendation in the presentence report that the

3

total tax loss exceeded $350,000. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989).

The final issue Kotmair raises is whether the district court clearly erred in enhancing Kotmair's offense level by two for the use of sophisticated means to impede the discovery of the nature or extent of his offense. "Sophisticated means" includes"conduct that is more complex or demonstrates greater intricacy or planning than a routine tax evasion case." USSG § 2T1.2, comment. (n.2). The district court applied the enhancement after noting that Kotmair engaged in structuring and laundering of his income to prevent the creation of currency transaction reports. Because Kotmair failed to offer any evidence to refute the findings in the presentence report, there was no clear error by the district court in adopting these findings. See United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998); United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990).

In conclusion, we affirm Kotmair's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4