IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 01-31265
_____

UNITED STATES OF AMERICA,                     Plaintiff-Appellee,

versus

KENNON BRADFORD,                          Defendant-Appellant.
_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-198
_____

November 25, 2002

Before KING, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Kennon Bradford ("Bradford") appeals his conviction as a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  He argues that his conviction should be reversed because the district court erred in (1) disclosing the nature of the underlying felony during voir dire; (2) allowing evidence that Bradford escaped from prison; and (3) giving the jury an instruction that "mere presence does not necessarily establish the proof of a crime." (Emphasis supplied.) He also argues, for the first time on appeal, that the indictment should be dismissed because it was based on allegedly perjured

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grand jury testimony.  Because we find no reversible error, we affirm the judgment of the district court.

                              I.

   In March 2000, Bradford escaped from a federal prison camp in Florida.  Authorities received information in April 2000 that Bradford's girlfriend Karen Barnes ("Barnes") had rented a silver Altima automobile in New Orleans and that she and Bradford were staying in a room rented under her name at the Econo Lodge in Slidell, Louisiana.  Deputy United States Marshals and agents of the Bureau of Alcohol, Tobacco and Firearms found Bradford and Barnes in the motel room on April 4, 2000.  They arrested Bradford and obtained consent from Barnes to search the Altima, which was parked approximately thirty feet from the room.  The officer who searched the car noted that the driver's seat was pushed all the way back.  When he searched under the driver's seat, he found a fully loaded Cobray Mack M-11 .9 millimeter semiautomatic pistol. The officer questioned Barnes, who claimed she did not know anything about the gun; she had rented the Altima for Bradford; Bradford had driven the Altima most recently; and only she and Bradford had access to the Altima.  As a result, Bradford was charged with being a felon in possession of a firearm. At trial, Barnes testified against Bradford as did several witnesses, all associates of Bradford, who testified about Bradford's control over the firearm in issue from as early as 1998.  A witness who was imprisoned with Bradford after his arrest in April 2000 testified

that Bradford claimed if he had the gun with him in the hotel room he would have "held court," meaning that he would have shot the arresting officers. Bradford was convicted and appeals alleging several errors.

## II.

Bradford first contends that the district court judge erred in reading the full indictment to the jury during voir dire. This court reviews a trial judge's conduct of voir dire for abuse of discretion. United States v. Munoz, 150 F.3d 401, 412 (5th Cir. 1998); United States v. Gray, 105 F.3d 956, 962 (5th Cir. 1997).

The government argues that Bradford is entitled only to plain error review because, although on full notice that the indictment would be read to the jury, he failed to object. When a defendant fails to preserve an issue on appeal, we review only for plain error. Munoz, 150 F.3d at 412. Plain error review requires that the defendant show "(1) an error; (2) that is clear or plain; (3) that affects [his] substantial rights; and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000). Bradford argues that he was under no obligation to object before the indictment was read because it was reasonable for him to believe that the district court would have redacted the portion of the indictment relating to the nature of his prior conviction. We need not decide which standard of review applies because, regardless of the standard of review, there was no error.

Evidence of the nature of a prior felony conviction should be excluded under Federal Rule of Evidence 403 when the defendant offers to stipulate to the conviction. <u>Old Chief v. United States</u>, 519 U.S. 172 (1997). This rule applies during voir dire. <u>Munoz</u>, 150 F.3d at 412-13. The record in this case, however, contains no stipulation before the reading of the indictment at voir dire. Discussion on this point in the record indicates that defense counsel discussed the possibility of stipulating various things during an off-the-record pre-trial conference, but never definitively made an offer to stipulate that Bradford was a convicted felon. Because Bradford failed to establish that he made a timely offer of stipulation, the trial court did not err in reading the full indictment during voir dire.

Bradford also challenges the admission of evidence that he was a prison escapee. Bradford claims that the evidence was probative only of the validity of the arrest warrant, which he did not challenge, and thus should have been excluded as unfairly prejudicial under Federal Rule of Evidence 403.

Although Bradford objected to the admission of this evidence at trial, he did so on the ground that it was not intrinsic evidence. On appeal he makes quite a different argument; he argues that whether the evidence is intrinsic or extrinsic, the court should have applied Rule 403. Absent proper objections, a Rule 403 analysis is not required. <u>See</u> <u>United States v. Navarro</u>, 169 F.3d 228, 233 (5th Cir. 1999); <u>United States v. Coleman</u>, 78 F.3d 154, 156

(5th Cir. 1996).  Because Bradford did not object on Rule 403 grounds at trial, we review the admission of this evidence for plain error.  United States v. Reed, 670 F.2d 622, 623 (5th Cir. 1982).

There is no plain error here.  The government is correct that the evidence was intrinsic to the presentation of the offense.  The evidence was probative in establishing that Bradford constructively possessed the firearm by explaining why the Altima and the hotel room were rented in his girlfriend's name; why he needed to arm himself; and the significance of his jailhouse comments that he would have "held court" if the gun had been in his physical possession when law enforcement officers entered the hotel room to arrest him.  The district court did not plainly err in allowing the government to present evidence that Bradford had escaped from prison.

Bradford next argues that the instruction given to the jury on mere presence was erroneous.  The court instructed the jury in part:

> ...
> A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.
> ...
> Mere presence at the scene of an event does not necessarily establish the proof of a crime.

Bradford contends that the court erred in including the word "necessarily" in the mere presence instruction because mere

presence does not, without more, establish guilt. At trial however, Bradford requested a "mere presence" instruction but his proposed instruction is not in the record. The specific basis of Bradford's objection to the instruction given at trial seems to have been that the instruction should have contained additional language from the pattern jury instruction for conspiracy. This objection and argument does not resemble Bradford's present contention that the instruction is an erroneous statement of law and is inconsistent with the possession instruction. Therefore, he is entitled to review for plain error only. United States v. Daniels, 281 F.3d 168, 184 (5th Cir.), cert. denied, 122 S.Ct. 2313 (2002).

The instruction on possession is this court's pattern instruction relevant to a § 922(g) charge. 5th Cir. Pattern Instruc. 2.47, 1.31. The "mere presence" instruction given, including the word "necessarily", was taken from this court's pattern instruction for conspiracy and has been approved by this court in the conspiracy context as a correct statement of the law. United States v. Natel, 812 F.2d 937, 943 (5th Cir. 1987); United States v. Heffington, 682 F.2d 1075, 1084 (5th Cir. 1982). The court could have refused to allow a "mere presence" instruction. See United States v. DeLeon, 170 F.3d 494 (5th Cir. 1999); United States v. McKnight, 953 F.2d 898 (5th Cir. 1992). However, it is not erroneous or inconsistent with the law of possession to include such an instruction. The court gave correct and detailed

instructions on the law of possession which cured any conceivable confusion caused by the inclusion of the "mere presence" instruction.  See United States v. Vaglica, 720 F.2d 388, 391 (5th Cir. 1983).  Considering the jury instructions as a whole, the "mere presence" instruction was not plain error.

Finally, Bradford argues that his indictment should have been dismissed based on Barnes's allegedly perjured testimony before the grand jury.  Objections based on defects in the indictment are waived if not raised either before trial or at the earliest possible opportunity.  United States v. Smith, 890 F.2d 711, 715 (5th Cir. 1989); United States v. Cathey, 591 F.2d 268, 271 n.1 (5th Cir. 1979).  Bradford did not raise his perjury theory before the district court.  Therefore, this argument is waived.  Furthermore, his assertion of perjury is not reviewable because the grand jury transcripts were not made part of the record.  United States v. Johnson, 87 F.3d 133, 136 n.1 (5th Cir. 1996).

In the alternative, Bradford argues that his conviction should be reversed because the prosecutor failed to seek a continuance and investigate when Barnes claimed on the eve of trial that she had given perjured testimony to the grand jury.  This argument was not raised below; therefore, Bradford is entitled to review for plain error only.  United States v. Smith, 203 F.3d 884, 888 (5th Cir. 2000).

Bradford has not shown that Barnes's grand jury testimony was actually false or that the prosecutor knew that her testimony was

false.  Her grand jury testimony mirrored her statements at the scene of the arrest and was in part repeated at trial.  Because he cannot show that Barnes's statements to the grand jury were actually false, known by the prosecutor to be false, and material, he has not established error, much less plain error.

The judgment of the district court is

AFFIRMED.