**Michael B. WHITE, McDowell, Rice & Smith, Joseph McDowell, Respondents,**

v.

**MEDICAL REVIEW CONSULTANTS, INC., Appellant.**

**No. WD 44990.**

Missouri Court of Appeals, Western District.

April 14, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 2, 1992.

Application to Transfer Denied July 21, 1992.

James R. Hess, Kansas City, for appellant.

Philip Sanford Smith, Kansas City, for respondent Michael B. White, et al.

Fletcher Allen Speck, Kansas City, for respondent McDowell, Rice & Smith.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

FENNER, Presiding Judge.

Appellant, Medical Review Consultants, Inc., (MRC), appeals an order of the trial court granting a partial summary judgment in favor of Respondents.

MRC is in the business of representing health care providers in appealing denials of medical payment claims pursuant to the provisions of the federal medicare program under the Social Security Act. Respondent, Michael B. White, is a lawyer and former employee of MRC. In his employment with MRC, Michael White represented MRC in regard to denial of medical payment claims before administrative law judges throughout the United States.

After working for MRC for one year, Michael White voluntarily left his employment and went to work for the law firm of McDowell, Rice and Smith, also a respondent herein. Michael White sought to compete against MRC on behalf of McDowell, Rice and Smith. However, Michael White had signed an employment contract with MRC providing that he would not compete with MRC in federal administrative appeals upon termination of his employment. Respondents initiated a declaratory judgment action seeking to have said covenant not to compete declared invalid.

MRC filed an answer and counterclaim. MRC denied that the covenant not to compete was invalid and filed a three count counterclaim. Under Count I, MRC sought to have Michael White enjoined from violating the covenant not to compete; under Count II, MRC sought damages alleging White's use of confidential and proprietary information of MRC in violation of his employment contract; and under Count III, MRC sought damages alleging trespass against White for his having improperly entered onto MRC's premises.

The trial court entered summary judgment on behalf of respondents, finding Michael White's covenant not to compete in-

valid and further finding in respondents' favor under Count I of MRC's counterclaim. MRC appeals the order of partial summary judgment.[1]

The validity of the covenant not to compete in Michael White's employment contract with MRC is called into question by virtue of the Missouri Supreme Court Rules in relation to Professional Conduct of Lawyers. Specifically, Rule 5.6, which prohibits lawyers from making employment agreements that restrict the rights of a lawyer to practice after termination of employment.

■ In its first point on appeal, MRC argues that Rule 5.6 does not apply to federal administrative appeals because such appeals are a federal activity regulated and controlled by federal law which preempts state law and does not prohibit the covenant not to compete in question here.

■ There are three bases for finding preemption of state law by federal law: (1) an express statement by Congress that state law is preempted; (2) when Congress intends that federal law occupy a given field; and (3) when compliance with both state law and federal law is impossible because of an actual conflict. *California v. ARC America Corp.*, 490 U.S. 93, 100, 109 S.Ct. 1661, 1665, 104 L.Ed.2d 86 (1989).

MRC argues that the practice of appearing before federal administrative law judges for appeals under the Social Security Act is controlled by the Administrative Procedure Act, 5 U.S.C.A. § 551, et seq. (1988). MRC points out that the Code of Federal Regulations allows non-attorneys

to represent claimants in regard to denial of medical payment claims before administrative law judges. See 20 C.F.R. § 404.-1705 (1991) and 42 C.F.R. § 498.10 (1991). MRC also argues that 20 C.F.R. § 404.1740 (1991) sets forth the standard of conduct for attorneys and others representing claimants before federal agencies.[2]

■ Preemption is not to be lightly presumed. *California Federal Savings and Loan Association v. Guerra*, 479 U.S. 272, 281, 107 S.Ct. 683, 689, 93 L.Ed.2d 613 (1987). Moreover, when Congress legislates in a field traditionally occupied by the states, a preemption review starts with the assumption that the historic police powers of the states were not to be preempted unless that was the clear and manifest purpose of Congress. *California v. ARC America Corp.*, 490 U.S. at 101, 109 S.Ct. at 1665. Regulation of the Bar is an historic police power of the States. *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792, 95 S.Ct. 2004, 2015, 44 L.Ed.2d 572 (1975).

■ It is also relevant herein that appellant cites federal regulations in support of its preemption argument. Although the occupation of a field may be inferred from federal regulations, the preemption inquiry for federal regulations is more rigorous than for federal statutes. *Hillsborough County v. Automated Medical Laboratories, Inc.*, 471 U.S. 707, 717, 105 S.Ct. 2371, 2377, 85 L.Ed.2d 714 (1985).

MRC cites nothing to show the preemption of state law regarding the validity of a covenant not to compete in the practice of law upon termination of employment by a lawyer. There is nothing to show that Congress has preempted the right of the

---

1. Although not all counts of MRC's counterclaim were disposed of, the trial court specifically determined that there was no just reason for delay in ruling in relation to the issue of the validity of the covenant not to compete. This is the issue presented in the claim for relief under respondents' petition and Count I of MRC's counterclaim. Counts II and III present claims separate from the question of the validity of the covenant not to compete. In accordance with Rule 74.01(b), this judgment is therefore final

for purpose of appeal. *See also, Quiktrip Corp v. City of St. Louis,* 801 S.W.2d 706, 710–711 (Mo.App.1990).

2. 20 C.F.R. § 404.1740 (1989) prohibits attorneys and others representing a claimant from such conduct as defrauding, deceiving and misleading a claimant, collecting a fee in excess of that allowed, making a false statement effecting the material rights of a person, or divulging confidential information.

States to set a policy, as has Missouri, that renders invalid such a covenant not to compete. Missouri has the right to determine that it is in the public's best interest to allow individuals to choose the lawyer they desire without interference from a covenant not to compete, limiting the lawyer's practice and also limiting the public's right to choose a given lawyer.

MRC's first point is denied.

■ In its second point, appellant argues that the trial court erred in granting summary judgment because the defenses of estoppel, waiver and unclean hands raise factual issues which preclude summary judgment.

MRC's second argument also fails because in Missouri, as elsewhere, it is generally recognized that a contract or transaction prohibited by law is void. Such contracts are based upon illegal consideration and cannot be enforced either at law or equity. *King v. Moorehead*, 495 S.W.2d 65, 77 (Mo.App.1973). *See also, American Civil Liberties Union/Eastern Missouri Fund v. Miller*, 803 S.W.2d 592 (Mo. banc 1991); *cert. denied,* — U.S. ——, 111 S.Ct. 2239, 114 L.Ed.2d 481 (1991).[3]

The judgment of the trial court is affirmed.

All concur.

---

**3.** In *Miller*, 803 S.W.2d at 594, the Missouri Supreme Court held that an otherwise binding contractual obligation to return fees to a civil rights organization which fees were recovered in litigation conducted while an attorney was an employee of said organization was a fee splitting agreement and was unenforceable as being in violation of the Rules of Professional Conduct. Rule 5.4.