**STATE of Missouri, Respondent,**

v.

**Stanley C. FRETWELL, Appellant.**

**No. WD 65744.**

Missouri Court of Appeals,
Western District.

Dec. 12, 2006.

Appellant acting pro se.

Chastidy Rebecca Dillon–Amelung, Columbia, MO, for Respondent.

Before JAMES M. SMART, JR., P.J., EDWIN H. SMITH, and LISA WHITE HARDWICK, JJ.

PER CURIAM.

Appellant Stanley Fretwell appeals his conviction for operating a motor vehicle upon a highway without a valid driver's license. The judgment is affirmed.

On or about January 15, 2005, Stanley C. Fretwell was stopped by a Missouri State Highway Patrol Trooper while driving a 1986 Dodge Aries lacking proper registration. The trooper also determined that Fretwell had no proof of insurance and no valid driver's license at the time.

Fretwell was convicted of all three violations. Afterwards, he registered his vehicle and obtained valid insurance. Accordingly, he was fined only $10 for lack of

vehicle registration and $100 for lack of insurance. Fretwell failed to get a driver's license, despite the court's offer to give him more time to obtain one. He claimed he was unable to obtain a driver's license due to his loss of nationality and lack of a social security number.[1] The court fined him $300 for this infraction. He now appeals to this court, raising in his brief only the conviction for the lack of a driver's license.

Appellant argues before this court, as he did before the trial court, that he is immune from prosecution for violations of the state's criminal laws because he voluntarily renounced his citizenship and, therefore, is a "stateless person." He claims that his lack of citizenship renders the courts of this state to be without jurisdiction over him.

Missouri Revised Statutes provide that the state has jurisdiction over an offense committed if: "[c]onduct constituting any element of the offense ... occurs within this state." Section 541.191.1(1) RSMo. The statutes also provide that it is unlawful for "any person" to "[o]perate any vehicle upon any highway in this state unless the person has a valid license." Section 302.020.1(1) RSMo. In addition, persons accused of committing criminal offenses are to be prosecuted "[i]n the county in which the offense is committed." Section 541.033.1(1) RSMo. Nowhere in these statutes is it a requirement that the prosecuted person be a citizen of either Missouri or the United States. The fact that appellant has relinquished his citizenship does not render him not a "person" for purposes of criminal prosecution in this state.

His offense was committed in Boone County, which was where he was prosecuted. He does not assert that the infractions did not occur. Similar arguments against such jurisdiction have been consistently rejected by the courts of this nation and termed frivolous. *See United States v. Studley,* 783 F.2d 934, 937 (9th Cir.1986) (holding that appellant's status as a "freeborn and natural individual" did not render her no longer a "person" for purposes of the Internal Revenue Code).

Appellant asserts that he is not a "person" under the definition in the statutes because it states that "[t]he word 'person' may *extend* and be applied to bodies politic and corporate, and to partnerships and other unincorporated associations." Section 1.020(11) RSMo. (Emphasis added.) However, the *extension* of the word "person" to include these other entities does not cause the definition to exclude "natural persons." *United States v. Rice,* 659 F.2d 524, 528 (5th Cir.1981). Instead, the word "person" commonly means "natural persons." The statute extends the definition to these other entities. *Id.* If the legislature had intended "natural persons" to be excluded, it would have specifically said so, or defined the term as *only* extending to "bodies politic and corporate" and "partnerships and other unincorporated associations." Therefore, since appellant is a natural person, regardless of his citizenship or residence, he falls under the definition of "person" and may be criminally charged for violations of Missouri's criminal statutes.

1. Section 302.171 specifies what is to be included in an application for license. If Fretwell were to claim religious exemption from having a social security number, he might be able to seek accommodation of his religion from having to have a social security number in order to obtain a driver's license. Fretwell, however, makes no constitutional or statutory claim of entitlement to obtain a driver's license. His argument is only that the state does not have authority to require a driver's license. He disclaims any rights under the constitution and laws of the United States.

In *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989), upon which appellant relies, the court identified one Bettison as a "stateless" person, but the issue in *Newman–Green* was whether Bettison's status as a "stateless" person destroyed diversity jurisdiction in the federal courts for purposes of a civil action. *Id.* at 828, 109 S.Ct. 2218. The trial court here was not a federal court. State courts are courts of general jurisdiction and have no requirement of diversity of citizenship. In addition, courts have repeatedly imposed criminal punishments upon "stateless" persons. *See, e.g., Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 73 S.Ct. 625, 97 L.Ed. 956 (1953); *Abdel–Muhti v. Ashcroft*, 314 F.Supp.2d 418 (M.D.Pa. 2004). Regulation and punishment of criminal infractions is primarily the business of the states. *Rose v. Mitchell*, 443 U.S. 545, 585, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979). Appellant's reliance on other cases which he cites is equally misplaced.

Appellant also claims he has been denied "due process of law" because of these proceedings, but in the same breath appellant admits that he voluntarily relinquished his United States citizenship and claims *no rights* under the laws of the United States. Apart from the inherently contradictory nature of his claims, we reject the claim because he has received due process at every stage.

If appellant actually understood the law, he would rejoice that we do not subscribe to the premise that he is a non-person under the law; because if we did so subscribe, it would amount to a declaration that he is without any of the human rights and basic protections that are his every day that he is within our national boundaries.

All of appellant's arguments are wholly without merit.

The judgment of the trial court is affirmed.