STATE of Missouri, Plaintiff/Appellant,

v.

Benjamin S. MORALES,
Defendant/Respondent.

No. ED 98847.

Missouri Court of Appeals,
Eastern District.

April 2, 2013.

Chris Koster, Attorney General, Daniel N. McPherson, Assistant Attorney General, Jefferson City, MO, for appellant.

Tom K. O'Loughlin II, O'Loughlin, O'Loughlin & Koetting, L.C., Cape Girardeau, MO, for respondent.

KATHIANNE KNAUP CRANE,
Presiding Judge.

The circuit court granted defendant's motion to dismiss the information charging defendant with forgery in violation of section 570.090 RSMo (2000),[1] based on the use of a false social security number on an employment document, on the ground that the prosecution was preempted by the federal Immigration Reform and Control Act of 1986 (IRCA), 8 U.S.C. § 1324a. We reverse the circuit court's dismissal of the information, and we reinstate the charge for further proceedings.

The state filed an information charging defendant, Benjamin S. Morales, with a violation of section 570.090, which makes the crime of forgery a Class C felony. The information alleged that on or about October 3, 2011, defendant, "with the purpose to defraud, used as genuine a writing, namely his signature on a Chick–fil–A employment document containing false information, including a false social security number, knowing that it had been made or altered so that it purported to have a genuineness that it did not possess." Defendant filed a motion to dismiss on the ground that the conduct charged in the information was the application for and obtaining of employment through the use of a false social security card and other documentation, and that the regulation of this activity was preempted by federal law because it was in the area of immigration. He argued that *Arizona v. United States,* —— U.S. ——, 132 S.Ct. 2492, 183 L.Ed.2d 351 (2012), prohibited a state from enacting a law making it a misdemeanor for an unauthorized alien to seek or engage in work, and that the same conduct was charged against defendant. After hearing oral argument, the circuit court granted defendant's motion to dismiss without prej-

---

1. All further references to Missouri statutes are to RSMo (2000).

udice. The state appeals from this judgment.

For its sole point on appeal, the state contends that the circuit court erred in dismissing the information against defendant because the charge of forgery was not preempted by federal law because the Missouri forgery statute, section 570.090, does not seek to regulate immigration but is a generally applicable criminal statute that is not expressly preempted by federal law.

In *State v. Diaz–Rey*, No. ED98848, 397 S.W.3d 5, 2013 WL 1314968 (Mo.App. E.D. 2013), handed down concurrently herewith, we held that the prosecution of forgery under section 570.090 was not preempted by federal law. For the reasons set out in *State v. Diaz–Rey*, we reverse the judgment and reinstate the charge for further proceedings.

ROBERT G. DOWD, Jr., and
LAWRENCE E. MOONEY, JJ., concur.

---

1. All further references to Missouri statutes are to RSMo (2000).