STATE of Missouri, Plaintiff/Appellant,

v.

Pablo Gilberto DIAZ–REY,
Defendant/Respondent.

No. ED 98848.

Missouri Court of Appeals,
Eastern District.

April 2, 2013.

Chris Koster, Attorney General, Daniel N. McPherson, Assistant Attorney General, Jefferson City, MO, for appellant.

1. All further references to Missouri statutes

Tom K. O'Loughlin II, O'Loughlin, O'Loughlin & Koetting, L.C., Cape Girardeau, MO, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

The circuit court granted defendant's motion to dismiss the information charging defendant with forgery in violation of section 570.090 RSMo (2000),[1] based on the use of a false social security number on an employment document, on the ground that the prosecution was preempted by the federal Immigration Reform and Control Act of 1986 (IRCA), 8 U.S.C. § 1324a. We reverse the circuit court's dismissal of the information, and we reinstate the charge for further proceedings.

The state filed an information charging defendant, Pablo Gilberto Diaz–Rey, with a violation of section 570.090, which makes the crime of forgery a Class C felony. The information alleged that on or about August 12, 2011, defendant, "with the purpose to defraud, used as genuine a writing, namely his signature on a Chick–fil–A employment document containing false information, including a false social security number, knowing that it had been made or altered so that it purported to have a genuineness that it did not possess." Defendant filed a motion to dismiss on the ground that the conduct charged in the information was the application for and obtaining of employment through the use of a false social security card and other documentation, and that the regulation of this activity was preempted by federal law because it was in the area of immigration. He argued that *Arizona v. United States,* —— U.S. ——, 132 S.Ct. 2492, 183 L.Ed.2d 351 (2012), prohibited a state from enacting a law making it a misdemeanor for an unauthorized alien to seek or engage in

are to RSMo (2000).

work, and that the same conduct was charged against defendant. After hearing oral argument, the circuit court granted defendant's motion to dismiss without prejudice. The state appeals from this judgment.

## DISCUSSION

For its sole point on appeal, the state contends that the circuit court erred in dismissing the information against defendant because the charge of forgery was not preempted by federal law because the Missouri forgery statute does not seek to regulate immigration but is a generally applicable criminal statute that is not expressly preempted by federal law.

As a preliminary matter, it is well established that the state may appeal from this dismissal without prejudice because the dismissal was based on the insufficiency of the information, and the dismissal had the effect of foreclosing any further prosecution of defendant on the forgery charge. *See State v. Burns*, 994 S.W.2d 941, 942 (Mo. banc 1999); *State v. Smothers*, 297 S.W.3d 626, 631–32 (Mo.App.2009); *State v. Stringer*, 36 S.W.3d 821, 822 (Mo.App. 2001); Section 547.200.2; Section 547.210.

█ The question of whether a forgery prosecution is preempted by federal law is one of law. Accordingly, our review is *de novo*. *Endicott v. Display Technologies, Inc.*, 77 S.W.3d 612, 615 (Mo. banc 2002).

█ Federal preemption derives from the Supremacy Clause of the United States Constitution. U.S. Const. art. VI, cl. 2; *Connelly v. Iolab Corp.*, 927 S.W.2d 848, 851 (Mo. banc 1996). "In determining if a federal statute preempts a state cause of action, the purpose of Congress in enacting the federal statute is the ultimate touchstone." *Connelly*, 927 S.W.2d at 851; *Malone v. White Motor Corp.*, 435 U.S. 497, 504, 98 S.Ct. 1185, 55 L.Ed.2d 443

(1978). A "federal law will preempt state law only when it is the clear and manifest purpose of Congress to do so." *State ex rel. Proctor v. Messina*, 320 S.W.3d 145, 148 (Mo. banc 2010) (citing *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 664, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993)). Congressional intent to preempt a state remedy arises in three situations: express preemption, field preemption, and conflict preemption. *Arizona*, 132 S.Ct. at 2500; *Connelly*, 927 S.W.2d at 851. To determine whether state law is preempted by a federal statute, we examine the text and structure of the federal statute. *Messina*, 320 S.W.3d at 148.

The federal statute at issue is IRCA, which makes it illegal for employers to knowingly hire, recruit, refer, or continue to employ unauthorized workers. 8 U.S.C. §§ 1324a(a)(1)(A); (a)(2). IRCA also requires every employer to verify the employment authorization status of prospective employees. 8 U.S.C. § 1324a(b). It enforces these requirements through criminal and civil penalties. 8 U.S.C. § 1324a(e)(4); (f). However, it "does not impose federal criminal sanctions on the employee side (*i.e.*, penalties on aliens who see or engage in unauthorized work)." *Arizona*, 132 S.Ct. at 2504.

### 1. *Express Preemption*

█ A state law is expressly preempted by federal law when Congress enacts a statute containing an express preemption provision. *Id.* at 2500–01. IRCA contains an express preemption provision, but that provision is limited to preemption of state or local laws imposing civil or criminal sanctions "upon those who *employ, or recruit or refer for a fee for employment, unauthorized aliens*." 8 U.S.C. § 1324a(h)(2) (emphasis added). The Missouri forgery statute, section 570.090, is not expressly preempted by IRCA because it does not sanction those who employ,

recruit, or offer for employment unauthorized aliens.

### 2. *Field Preemption*

█ State legislation may be preempted by implication when Congress "has legislatively occupied an entire field of law, thereby implying that additional or contrary state regulation is impermissible." *Paul v. Jackson,* 910 S.W.2d 286, 291 (Mo.App.1995). Field preemption occurs when a state regulates conduct in a field that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance. *Arizona,* 132 S.Ct. at 2500–01. "The intent to displace state law altogether can be inferred from a framework of regulation 'so pervasive ... that Congress left no room for the States to supplement it' or where there is a 'federal interest ... so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Id.* at 2501 (quoting *Rice v. Santa Fe Elevator Corporation,* 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)).

█ In preemption analysis, courts should assume that "'the historic police powers of the States'" are not superseded "'unless that was the clear and manifest purpose of Congress.'" *Arizona,* 132 S.Ct. at 2501 (quoting *Rice,* 331 U.S. at 230, 67 S.Ct. 1146); *see Connelly,* 927 S.W.2d at 851. When, as here, it is alleged that preemption applies in an area, such as forgery, that has been traditionally occupied by the states,[2] a preemption review starts with this assumption. *White v. Medical Review Consultants,* 831 S.W.2d 662, 664 (Mo.App.1992). "A court interpreting a federal statute pertaining to areas traditionally controlled by state law

should be reluctant to find preemption." *Messina,* 320 S.W.3d at 148 (citing *CSX Transp., Inc.,* 507 U.S. at 664, 113 S.Ct. 1732).

█ *Arizona* made clear that IRCA provides a comprehensive framework for combating the employment of illegal aliens. 132 S.Ct. at 2505. In contrast, section 570.090 does not purport to intrude into or regulate the employment of unauthorized aliens in any manner. Rather, section 570.090 is a state law of general applicability that uniformly applies to all persons as members of the general public, and makes no distinction between aliens and non-aliens. As a general matter, such laws are not preempted simply because a class of persons subject to federal regulation may be affected. *See Gade v. National Solid Wastes Management Ass'n,* 505 U.S. 88, 107, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). Section 570.090 does not regulate the employment of unauthorized aliens and therefore is not preempted by IRCA by implication on the ground that IRCA has occupied the field of employment of unauthorized aliens.

### 3. *Conflict Preemption*

█ State laws are also preempted by implication when they actually conflict with federal law. *Arizona,* 132 S.Ct. at 2501. A conflict can occur either because compliance with both the federal and state law is "'a physical impossibility'" or because the challenged state law "'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" *Id.* (quoting *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963), and *Hines v. Davidowitz,* 312 U.S.

---

**2.** "Regulation and punishment of criminal infractions is primarily the business of the states." *State v. Fretwell,* 224 S.W.3d 602,

604 (Mo.App.2006)(citing *Rose v. Mitchell,* 443 U.S. 545, 585, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979)).

52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)); *see Paul*, 910 S.W.2d at 292.

 Like field preemption, conflict preemption is a form of implied preemption. "That is, it arises not from the express words of the federal statute or regulation itself, but rather from the fact that enforcement or application of the state law at issue would necessarily conflict with enforcement of the federal law, and hence the state law must be held to be preempted." *Paul*, 910 S.W.2d at 292 (citing *Florida Lime and Avocado Growers, Inc.*, 373 U.S. at 141–42, 83 S.Ct. 1210). "Because it is a form of implied preemption, conflict preemption also will not be lightly presumed where, as here, it is alleged that a conflict exists between federal law and an area of law normally reserved to the states"—in this case, a state criminal forgery statute. *See Paul*, 910 S.W.2d at 292; *White*, 831 S.W.2d at 664.

 This is not a situation in which compliance with both IRCA and section 570.090 is a physical impossibility. Thus, the question is whether section 570.090 stands as an obstacle to the accomplishment and execution of the purposes and objectives of Congress. "What is a sufficient obstacle is a matter of judgment, to be informed by examining the federal statute as a whole and identifying its purposes and intended effects." *Crosby v. National Foreign Trade Council*, 530 U.S. 363, 373, 120 S.Ct. 2288, 147 L.Ed.2d 352 (2000). A state law may be considered an obstacle to the purposes and objectives of Congress and accordingly be preempted if it criminalizes activity that Congress has decided not to criminalize. *Arizona*, 132 S.Ct. at 2504.

In *Arizona*, the United States sought to enjoin enforcement of section 5(C) of an Arizona immigration law that made it a misdemeanor for "an unauthorized alien to knowingly apply for work, solicit work in a public place or perform work as an employee or independent contractor." 132 S.Ct. at 2503. The United States argued that this provision was preempted by IRCA under principles of conflict preemption because it would upset the balance struck by IRCA and must be preempted as an obstacle to the federal plan of regulation and control. The Supreme Court agreed. It held that section 5(C) of the Arizona statute would interfere with the careful balance struck by Congress with respect to unauthorized employment of aliens because it conflicted with the method of enforcement in IRCA, which did not impose sanctions on employees. *Arizona*, 132 S.Ct. at 2505. The Court held that section 5(C) was preempted by IRCA, because in drafting IRCA, Congress decided it would be "inappropriate to impose criminal penalties on aliens who seek or engage in unauthorized employment," and section 5(C), which did impose criminal penalties on those aliens, stood as an obstacle to the accomplishment of the full purposes and objectives of Congress. 132 S.Ct. at 2505–06.

Unlike section 5(C) of the *Arizona* statute, section 570.090 does not criminalize activity that Congress has decided not to criminalize. Rather, as charged in this case, it criminalizes the use of inauthentic writings or items as genuine with knowledge and intent to defraud. *See Smothers*, 297 S.W.3d at 633–35. Thus, section 570.090 does not stand as an obstacle to Congress's purpose in enacting IRCA.

Section 570.090 is not preempted by federal law. The circuit court erred in granting the motion to dismiss the information on this basis.[3] Point one is granted.

3. The motion to dismiss was based solely on federal preemption, and this opinion is con-

*Conclusion*

The judgment of the circuit court is reversed, and we reinstate the charge for further proceedings.

ROBERT G. DOWD, JR., J. and LAWRENCE E. MOONEY, J., concur.