

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| JOHN L. DURNELL, | ) | No. ED112410 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1922-CC00221 |
| | ) | |
| MONSANTO COMPANY, | ) | Honorable Timothy J. Boyer |
| | ) | |
| Appellant. | ) | Filed:  February 11, 2025 |

Monsanto Company ("Monsanto") appeals the judgment entered upon a jury verdict in

favor of John L. Durnell ("Plaintiff") on Plaintiff's claim for strict liability failure to warn.  The

trial court's judgment entered upon the jury's verdict awarded Plaintiff $1.25 million in

compensatory damages.  We affirm.[1]

## I.     BACKGROUND

In January 2019, Plaintiff sued Monsanto alleging his exposure to Monsanto's product

Roundup and its ingredient glyphosate caused him to develop non-Hodgkin's lymphoma

("NHL").  Plaintiff's petition alleged claims for strict liability defective design, strict liability

failure to warn, and negligence.

The case proceeded to a jury trial beginning in September 2023.  At the close of

---

[1] Monsanto filed a motion, which was taken with the case, requesting this Court to take judicial notice of certain materials "which document or relate to key aspects of glyphosate's regulatory history at the federal and state levels." We deny Monsanto's motion taken with the case.

Plaintiff's evidence and again at the close of all the evidence, Monsanto moved for a directed verdict on the grounds that, *inter alia*, Plaintiff's claims were expressly and impliedly preempted by federal law.  The trial court denied both motions for directed verdict.

The jury returned a verdict in favor of Plaintiff on his strict liability failure to warn claim, but found in favor of Monsanto on Plaintiff's strict liability defective design and negligence claims.  The jury awarded Plaintiff $1.25 million in compensatory damages, and the trial court entered its judgment in accordance with the jury's verdicts.  Monsanto subsequently filed a motion for judgment notwithstanding the verdict ("JNOV") and in the alternative a new trial, which again argued, *inter alia*, that federal law both expressly and impliedly preempted Plaintiff's strict liability failure to warn claim.  The trial court denied Monsanto's motion.  This appeal followed.[2]

## II.    DISCUSSION

Monsanto raises a single point on appeal arguing the trial court erred in denying its motion for JNOV because federal law both expressly and impliedly preempted Plaintiff's strict liability failure to warn claim ("failure to warn claim" or "claim").

### A.    Standard of Review

"Federal preemption is a question of law this Court reviews *de novo*."  *Collector of Winchester v. Charter Communications, Inc.*, 660 S.W.3d 405, 416 (Mo. App. E.D. 2022).  Similarly, the trial court's ruling challenged by Monsanto on appeal – the denial of a motion for JNOV based on a matter of law – raises a question of law requiring *de novo* review.  *See Boggs ex rel. Boggs v. Lay*, 164 S.W.3d 4, 15 (Mo. App. E.D. 2005).

---

[2] To avoid unnecessary repetition, additional facts relevant to Monsanto's point on appeal will be set forth in Section II.B. of this opinion.

**B.      Analysis of Monsanto's Sole Point on Appeal**

When analyzing federal preemption of a state cause of action, "[i]t is assumed that the historic police powers of the state are not preempted absent 'the clear and manifest purpose of Congress' to do so." *Connelly v. Iolab Corp.*, 927 S.W.2d 848, 851 (Mo. banc 1996) (quoting *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)). "[T]he purpose of Congress in enacting the federal statute is the ultimate touchstone" in our analysis. *Connelly*, 927 S.W.2d at 851 (citing *Malone v. White Motor Corp.*, 435 U.S. 497, 504 (1978)). Furthermore, preemption of state law by statute may be either express or implied. *Cooperative Home Care, Inc. v. City of St. Louis*, 514 S.W.3d 571, 579 (Mo. banc 2017). In this case, Monsanto argues Plaintiff's failure to warn claim is both expressly and impliedly preempted by federal law, and we proceed by addressing each type of preemption in turn below.

**1.      Express Preemption**

Express preemption occurs when a federal statute explicitly proscribes a local regulation in a specific area. *Id.*; *Stegall v. Peoples Bank of Cuba*, 270 S.W.3d 500, 503 (Mo. App. S.D. 2008). The Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") – the federal statutory scheme which Monsanto argues expressly preempted Plaintiff's failure to warn claim – regulates the use, sale, and labeling of pesticides. *See* 7 U.S.C. section 136 *et seq.*; *Carson v. Monsanto Company*, 92 F.4th 980, 986 (11th Cir. 2024). FIFRA contains an express preemption provision at 7 U.S.C. section 136v(b) ("section 136v(b)") which provides that a "[s]tate shall not impose or continue in effect any requirements for labeling or packaging in addition to or different from those required under" FIFRA. Section 136v(b). In other words, FIFRA will preempt a state law requirement – including a common-law cause of action – that is not fully consistent with FIFRA's requirements. *Id.*; *Carson*, 92 F.4th at 990-91 (citing *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 447 (2005)). A state law requirement is not fully consistent

3

with FIFRA's requirements when the state law requirement is: (1) for labeling or packaging; and (2) in addition to or different from what FIFRA requires. Section 136v(b); *Carson*, 92 F.4th at 989-91 (citing *Bates*, 544 U.S. at 444, 446-47).

Monsanto does not dispute on appeal that Plaintiff's successful failure to warn claim is a common-law action which effectively imposes a state law requirement for labeling upon Monsanto.[3] Accordingly, the dispositive question as to express preemption in this case is whether Plaintiff's failure to warn claim imposes a requirement that is "in addition to or different from" FIFRA's labeling requirements. *See id*.

FIFRA's labeling requirements under 7 U.S.C. section 136(q)(1)(G) ("section 136(q)(1)(G)") contain a prohibition on misbranding. *Id*.; *Carson*, 92 F.4th at 991. Section 136(q)(1)(G) provides in relevant part that "[a] pesticide is misbranded if . . . the label does not contain a warning or caution statement which may be necessary and if complied with . . . is adequate to protect health and the environment." *Id*. This "prohibition on misbranding effectively imposes a strict-liability standard," holding a manufacturer liable for omitting a warning regardless of knowledge or intent. *Carson*, 92 F.4th at 991-92.

Missouri's strict liability failure to warn cause of action is fully consistent with federal requirements under section 136(q)(1)(G) of FIFRA. *See Carson*, 92 F.4th at 986-87, 991-92 (similarly finding with respect to a failure to warn cause of action under Georgia state law). A claim for strict liability failure to warn under Missouri law requires a plaintiff to prove, *inter alia*, that a defendant "did not give adequate warning of the danger" of a product, and contains no element requiring proof of the defendant's knowledge or intent. *Moore v. Ford Motor Co.*,

---

[3] Under the count for strict liability failure to warn, Plaintiff's petition alleges Monsanto's Roundup products are "unreasonably dangerous to consumers . . . because they do not contain adequate warnings or instructions[.]" The count also specifically alleges "Monsanto had a duty to properly . . . label" Roundup products.

332 S.W.3d 749, 756 (Mo. banc 2011); MAI-Civil 25.05 8th ed. (1978 revision).[4] The "practical effect" of both FIFRA's prohibition on misbranding under section 136(q)(1)(G) and a strict liability failure to warn claim in Missouri are the same: both require a pesticide manufacturer to adequately warn users of the potential dangers of using its product, regardless of the manufacturer's knowledge or intent. *See id*.; *Moore*, 332 S.W.3d at 756; MAI-Civil 25.05; *Carson*, 92 F.4th at 992; *see also Bates*, 544 U.S. at 447 ("state law need not explicitly incorporate FIFRA's standards as an element of a cause of action in order to survive pre-emption").

Based on the foregoing, a strict liability failure to warn claim in Missouri does not impose a requirement "in addition to or different from" the requirements of FIFRA. *See Moore*, 332 S.W.3d at 756; MAI-Civil 25.05; sections 136(q)(1)(G) and 136v(b); *Carson*, 92 F.4th at 986-87, 989-92. Accordingly, section 136v(b) of FIFRA does not expressly preempt Plaintiff's strict liability failure to warn claim. *See id*.; *Moore*, 332 S.W.3d at 756; MAI-Civil 25.05; section 136(q)(1)(G); *Carson*, 92 F.4th at 986-87, 989-92 (similarly holding); *Hardeman v. Monsanto Company*, 997 F.3d 941, 954-58 (9th Cir. 2021) (similarly holding).

### 2. Implied Preemption

Although we find Plaintiff's failure to warn claim is not expressly preempted, we must also address Monsanto's argument that implied preemption bars Plaintiff's claim. *See Mizner v. North River Homes, Inc.*, 913 S.W.2d 23, 25 (Mo. App. E.D. 1995) (implied preemption is still possible where an express preemption provision is present). Monsanto argues on appeal that conflict preemption bars Plaintiff's failure to warn claim because federal law[5] mandates that

---

[4] All references to MAI-Civil 25.05 are to the 8th ed. (1978 revision).
[5] Monsanto's implied preemption arguments rely on, *inter alia*, statutory provisions located within both FIFRA and Title 40 of the Code of Federal Regulations.

warnings on pesticide labels be approved by the Environmental Protection Agency ("EPA"), therefore making it impossible for Monsanto to comply with any warning that Plaintiff's claim under Missouri law would require.

Federal law can impliedly preempt state law through conflict preemption when a state law "actually conflict[s] with federal law," which can occur when it is physically impossible to comply with both federal and state law. *State v. Diaz-Rey*, 397 S.W.3d 5, 9 (Mo. App. E.D. 2013) (citing *Arizona v. United States*, 567 U.S. 387, 399 (2012)). The "possibility of impossibility [is] not enough" for the application of conflict preemption. *Carson*, 92 F.4th at 997 (quoting *Merck Sharp & Dohme Corp. v. Albrecht*, 587 U.S. 299, 314 (2019)) (bracketed alterations in original). In order for conflict preemption to apply, there must be an irreconcilable conflict between state and federal law. *Carson*, 92 F.4th at 997; *Paul v. Jackson*, 910 S.W.2d 286, 292-93 (Mo. App. W.D. 1995). To show an irreconcilable conflict that would bar Plaintiff's failure to warn claim, Monsanto has the burden of presenting clear evidence that: (1) Monsanto fully informed the EPA of the justifications for the warning that Missouri law would impose; (2) the EPA informed Monsanto that it would not approve changing the label to include the warning; and (3) the EPA undertook its action pursuant to authority that carries the force of law. *See Carson*, 92 F.4th at 997 (citing *Merck*, 587 U.S. at 313-16). The burden on a party attempting to use conflict preemption as a defense is demanding. *Carson*, 92 F.4th at 997 (citing *Wyeth v. Levine*, 555 U.S. 555, 573 (2009)).

Monsanto has not met its demanding burden of showing an irreconcilable conflict between state and federal law in this case. *See Carson*, 92 F.4th at 997 (citing *Merck*, 587 U.S. at 313-16 and *Wyeth*, 555 U.S. at 573). The record contains no evidence that Monsanto either informed the EPA of the justifications for a change to its warning label or that the EPA has

6

informed Monsanto it would not approve such a warning, and Monsanto does not specifically make these arguments on appeal. *See Carson*, 92 F.4th at 997 (citing *Merck*, 587 U.S. at 313-16). Instead, Monsanto argues the regulatory history of glyphosate constitutes "clear evidence" the EPA would not approve a cancer warning on Roundup's label. In support of this argument, Monsanto primarily points to the EPA's historical registration and re-registration of Roundup labeling without a cancer warning, along with the EPA's conclusion that glyphosate is "not likely to be carcinogenic to humans." *See* footnote 1 of this opinion.

However, the "possibility of impossibility [is] not enough" for conflict preemption to apply. *Carson*, 92 F.4th at 997 (quoting *Merck*, 587 U.S. at 314) (bracketed alterations in original). The EPA's historical approval of glyphosate labels without a cancer warning and its past conclusions regarding glyphosate's carcinogenicity do not compel the conclusion that the EPA would inevitably reject a future label with a cancer warning. *See Carson*, 92 F.4th at 997. Said differently, we are not persuaded that the EPA's historical actions regarding glyphosate constitute clear evidence of an irreconcilable conflict between state and federal law, especially in light of Monsanto's demanding burden. *See id.* (citing *Merck*, 587 U.S. at 313-16 and *Wyeth*, 555 U.S. at 573); *see also Hardeman*, 997 F.3d at 958-60 (similarly holding). Accordingly, conflict preemption does not impliedly preempt Plaintiff's failure to warn claim in this case. *See id.*; *Paul*, 910 S.W.2d at 292-93; *see also Diaz-Rey*, 397 S.W.3d at 9 (citing *Arizona*, 567 U.S. at 399).

### 3. Monsanto's Arguments on Appeal

In its arguments on appeal regarding express preemption, Monsanto primarily relies upon *Schaffner v. Monsanto Corporation*, 113 F.4th 364 (3rd Cir. 2024), where the Third Circuit held that plaintiffs' state law failure to warn claim against Monsanto was expressly preempted by

federal law. *See id.* at 370-99. In doing so, Monsanto argues the decisions from two other federal intermediate appellate courts – the Eleventh and Ninth Circuits – and two state appellate courts have "erroneously held" that express preemption did not bar state law failure to warn claims. *See Carson*, 92 F.4th at 986-96; *Hardeman*, 997 F.3d at 950-58; *Johnson v. Monsanto Company*, 554 P.3d 290, 295-98, 303-308 (Or. App. 2024); *Pilliod v. Monsanto Company*, 282 Cal. Rptr. 3d 679, 688-702 (Cal. App. 2021). While the decisions of federal intermediate appellate courts and other state courts do not bind this Court, we do not find *Schaffner* persuasive and choose to follow the weight of the authority in holding that Plaintiff's failure to warn claim is not expressly preempted by federal law. *See Doe v. Roman Catholic Diocese of St. Louis*, 311 S.W.3d 818, 823 (Mo. App. E.D. 2010) (citing, *inter alia*, *State v. Mack*, 66 S.W.3d 706, 710 (Mo. banc 2002)).

Regarding implied preemption, Monsanto asks this Court to follow holdings from three primary cases: *Mutual Pharmaceutical Co., Inc. v. Bartlett*, 570 U.S. 472 (2013), *PLIVA, Inc. v. Mensing*, 564 U.S. 604 (2011), and *Wyeth*, 555 U.S. 555. However, we find these cases distinguishable because they all involve pharmaceutical products regulated under the Food, Drug, and Cosmetic Act ("FDCA"), and we decline to extend their holdings to pesticide products regulated under FIFRA. *See Bartlett*, 570 U.S. at 476-78; *Mensing*, 564 U.S. at 608-10, 612; *Wyeth*, 555 U.S. at 558-59, 566; *see also Carson*, 92 F.4th at 998 (similarly distinguishing *Mensing*); *Hardeman*, 997 F.3d at 958-59 (discussing at length how "FIFRA's regulatory regime for pesticides differs meaningfully from the [FDCA] regulatory scheme," in relevant part because of the implications surrounding generic and name-brand drug manufacturers under the FDCA which do not exist for pesticide manufacturers governed by FIFRA).

8

**C.**     **Conclusion as to Monsanto's Sole Point on Appeal**

Based on the foregoing, Plaintiff's failure to warn claim is not expressly or impliedly preempted by federal law, and the trial court did not err in denying Monsanto's motion for JNOV. Monsanto's sole point on appeal is denied.

## III. CONCLUSION

The trial court's judgment entered upon the jury's verdict in favor of Plaintiff is affirmed.

_____
ROBERT M. CLAYTON III, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.